# Hood, Appellant, *v.* Norton.

*Mechanic's lien—Revival—Terre-tenant—Act of May* 16, 1895, *P. L.* 84.

The provision in the Act of May 16, 1895, P. L. 84, that the terre-tenant whose deed for land bound by a mechanic's lien has been recorded, must be named in the scire facias if the lien is to continue against the premises, is a requirement that he be so named in a writ issued within the five years from the date of the filing of the lien. After the expiration of that period the lien is gone, and no writ then issued can revive it.

Where a lien was filed on June 18, 1892, and a scire facias to revive was issued on May 24, 1897, without naming terre-tenants whose deeds had been recorded, the addition of the names of such terre-tenants on June 20, 1897, is ineffectual against such terre-tenants, and upon motion their names will be stricken from the writs and the service upon them set aside.

*Constitutional law—Mechanic's lien—Title of act—Amending act—Act of May* 16, 1895, *P. L.* 84.

The Act of May 16, 1895, P. L. 84, entitled " An act relating to writs of scire facias upon mechanics' liens requiring the same to be indexed upon judgment dockets, and requiring terre-tenants to be made parties thereto," does not offend against section 3, article 3 of the constitution of Pennsylvania relating to the titles of statutes; nor does the act of May 16, 1895, offend against the constitution, because it amends a prior act without re-enacting or republishing the same.

Argued Jan. 23, 1902. Appeal, No. 111, Jan. T., 1901, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1892, M. L. D. No. 207, making absolute rule to strike off names of terre-tenants and to set aside the service of scire facias on terre-tenants in case of James Hood to use of Joseph V. McCloskey v. Albert E. Norton, Charles A. Schwenck, H. Riggio, Mary A. Doebler, Thomas McCouch, Gabrielle H. Walton, Willard Walton, Theodore P. Reese, Eleanor Reese, N. B. Servoss, S. W. Lippincott, Kate N. Reed, Mary J. Heywood, James Heywood and Francis B. Clegg. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Rule to strike off names of terre-tenants from writs of scire facias, and to set aside service of said writs upon terre-tenants.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making the rule absolute.

*Joseph DeF. Junkin*, for appellant.—The literal requirement of the act of 1895 was fulfiled in this case as the terre-tenant was named in each writ.

The act of May 16, 1895 is unconstitutional: Phœnixville Borough Road, 109 Pa. 44; Sewickly Borough v. Sholes, 118 Pa. 165; Donley v. Pittsburg, 147 Pa. 348; Searight's Est., 163 Pa. 210.

*E. Cooper Shapley*, with him *Robert H. Hinckley*, for appellees.—The inserting of the names of the terre-tenants in the writ after the expiration of the lien is too late to be held a literal requirement of the act of 1895: Haddington Methodist Episcopal Church v. Phila., 108 Pa. 466.

The lien of the original claim having been lost, no scire facias amended after the date of expiration of lien would avail to continue the lien: Davis v. Ehrman, 20 Pa. 256; Lyon v. Cleveland, 170 Pa. 611.

The Act of May 16, 1895, P. L. 84, is constitutional: Crouse v. Murphy, 140 Pa. 340.

OPINION BY MR. JUSTICE BROWN, March 24, 1902:

The mechanic's lien in this case was filed June 18, 1892. It was apportioned among a number of buildings, the present owners of some of them being the appellees under deeds recorded before the writs of scire facias were issued to continue the lien and enforce the payment of the debt secured by it. The writs were issued May 24, 1897, in which, the præcipe having been followed, only the name of Albert E. Norton, owner, or reputed owner, of the properties at the time the lien was filed, appears as defendant. On June 20, 1897, two days after the expiration of five years from the date of the filing of the lien and twenty-seven days after the writs of scire facias had been issued, the names of the appellees, as terre-tenants, were inserted in them by the prothonotary, in pursuance of directions given by plaintiff's attorney. Subsequently, they presented their petition to the court, asking that their names as terre-tenants, so inserted, be stricken from the writs and the service upon them set aside. In support of this application, they relied upon the act of May 16, 1895, and the order prayed for was made, from which this appeal has been taken.

The writ of scire facias, for the preservation and continuance of a mechanic's lien, must be issued within five years from the date it is filed. The present writs were so issued; but the question is, whether, as to these appellees, terre-tenants, under recorded deeds, of the premises bound by the lien when they became purchasers, the writs are valid, their names not having been inserted in them until after five years had expired from the time the lien was filed. The determination of this question depends entirely upon the proper interpretation of the 2d section of the act of 1895, which is as follows: " No scire facias sur mechanic's lien shall be available to continue the lien of such mechanic's lien against a terre-tenant whose deed for the land bound by the mechanic's lien has been recorded, except by agreement in writing signed by said terre-tenant and entered on the proper lien and judgment docket, or the terre-tenant be named as such in such scire facias." The 1st section provides " that hereafter it shall be the duty of the prothonotaries of the respective counties of this commonwealth to enter upon the judgment docket or index all writs of scire facias upon mechanics' liens in the same manner as writs of scire facias upon judgments are now required to be entered, and, unless so entered, no writ of scire facias upon a mechanic's lien shall have the effect of continuing the lien of such mechanic's lien for a longer period than five years from the date of its filing as against any purchaser, mortgagee, or other lien creditor."

The provision, that the terre-tenant whose deed for the land bound by the mechanic's lien has been recorded, must be named in the scire facias, if the lien is to continue against the premises, is a requirement that he be so named in a writ issued within the five years. After the expiration of that period the lien is gone, and no writ, then issued, can revive it. On June 20, 1897, the lien of the appellant against the houses and lots purchased by the appellees had expired by the law's limitation, and it was then " a lien against nothing : " Haddington Methodist Episcopal Church v. Philadelphia, 108 Pa. 466. True, writs of scire facias had been issued on May 24, 1897, and, but for this later act, the lien would have continued. The office of the writs was to continue the lien, and upon its continuance the payment of the debt against the properties depended; but the plain words of the act are, that " No scire facias sur mechanic's lien

shall be available to continue the lien of such mechanic's lien against a terre-tenant whose deed for the land bound by the mechanic's lien has been recorded, except by agreement in writing signed by said terre-tenant and entered on the proper lien and judgment docket, or the terre-tenant be named as such in such scire facias." The insertion of the names of the appellees in the writs made them, as to the appellees, original writs issued as of the date their names were so inserted; but it was then too late for writs against them, and the day had passed when their names could have been inserted in these, which, as to them, on June 19, 1897, had become dead processes in the sheriff's hands. They may have been issued as directed by the act of 1836, and they may have been served on those who occupied the houses; but the names of the terre-tenants whose deeds were on record had not been in them when they went out, nor inserted afterwards before the five years had expired from the date of the lien, and the act of assembly invoked protects the appellees against them. Mechanics' liens are the creatures of statutes, which must be read and construed as they are written, and, in the face of their mandatory words, there can be no relief from the hardship the appellant may suffer. Though equity may appeal for such relief, the fixed law will not permit it.

To avoid the effect of the act of 1895, it is urged that it is unconstitutional for two reasons: First, because its title is defective; and, second, because it amends a prior act without reenacting or republishing the same. The act contains but one subject, which is a requirement that certain things be done in connection with the issuing of writs of scire facias upon mechanic's liens, for the purpose of giving notice to purchasers or other lien creditors that the liens as to them have been continued. Nothing else can be found in the act; no other purpose is served by it. The scire facias must be indexed, that the purchasers— terre-tenants, with their deeds recorded—may have notice, but it cannot be indexed for that purpose unless they are named in it. Notice to parties interested in a building and land bound by a lien is the only purpose of the act, and its title so clearly expresses its single subject as to be almost an index to its contents. The purpose of the act to give notice is known the instant its title is read; and it can be readily inferred from the title how the notice is to be given. The constitutional require-

ment, section 3, article 3, that "no bill, except appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title," is for the information of legislators and the protection of those who may be interested in proposed legislation, by giving them notice of it and an opportunity to be heard for or against it, and such notice was clearly given in the title of the act of 1895 to those interested of what were its subject and purpose.

No law is "revived, amended, or the provisions thereof extended, or conferred" by the assailed act. It is true, mechanics' liens are the subject of the act of 1836, as well as of that of 1895; but the provisions of the former are in no manner affected by the latter. The act of 1895 simply provides for what the earlier one does not provide, and can hardly be said to even incidentally affect it, for, with all its provisions, it remains as it is written. No provision is made in it for the notice which the later act requires to be given to purchasers and other lien creditors, and terre-tenants, with recorded deeds, are not named in it. After the lapse of sixty years from the passage of the act of 1836, it was deemed wise by the legislature that the notice to which we have referred should be given to those named in the act of 1895, and that act was passed as a piece of independent legislation, though upon the subject of the prior enactment; but, as it does not revive, amend, extend, confer or re-enact the other act, it does not offend against section 6, article 3 of the constitution.

The appeal is dismissed at the cost of the appellant, and the order of the court below, making absolute the rule to show cause why the names of the appellees as terre-tenants should not be stricken from the writs of scire facias and the record of the case and why the service of the writs upon the appellees should not be set aside, is affirmed.