# Philadelphia, to use, v. Kelly, Appellant.

*Municipal liens—Paving—Revival—Prosecution to judgment—*
*Act of May 16, 1891, P. L. 69.*

Where a writ of scire facias is issued three years prior to the date of the Act of May 16, 1891, P. L. 69, to revive the lien of a judgment previously obtained on a municipal claim for paving, but such writ is not prosecuted to judgment until nearly two and one-half years after the passage of the Act of 1891, the lien of the judgment on the municipal claim is thereby lost.

There is nothing in the Act of May 16, 1891, P. L. 69, that enlarges or broadens the use of an alias scire facias to revive, or has the effect of converting it into an original writ.

Argued Nov. 26, 1915. Appeal, No. 185, Oct. T., 1915, by defendant, from order of C. P. Philadelphia Co., Dec. T., 1873, No. 309, discharging rule to quash writs of scire facias and to strike off judgment reviving lien of municipal claim, in suit of City of Philadelphia, to use of Jacob M. Peters, v. J. Kelly, et al., and Thomas B. Gibb, Executor of J. McGregor Gibb, Deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Rule to quash writ of scire facias and to strike off judgment.

From the record it appeard that on January 16, 1874, a claim was filed by the City of Philadelphia, the use of Jacob M. Peters, in the amount of $90.57, for paving and curbing in front of certain premises on Rorer street. On November 16, 1878, it was suggested of record that J. McGregor Gibb was the owner of a portion of the premises described in the claim, and he subsequently appeared and contested the claim. The case was tried before a jury, verdict rendered for plaintiff on September 23, 1881, for $134.94, and judgment entered on April 30, 1883.

On March 21, 1888, a writ of scire facias to remove the judgment was issued and returned nihil habent. On November 6, 1888, an alias scire facias to revive was issued and returned nihil habent. On October 27, 1893, judgment of revival for want of an appearance on two returns of nihil habent was entered and the damages assessed thereon on December 31, 1894. The validity of this judgment of revival is the point in controversy.

Thereafter, original and alias writs of scire facias, to revive the judgment were issued on October 5, 1898, and April 7, 1900, respectively, and judgment of revival for want of an appearance on two returns of nihil habent was entered on July 21, 1903. A scire facias to revive was again issued on June 11, 1908, and an alias writ on February 25, 1913, and judgment of revival for want of an appearance on two returns of nihil was entered on June 2, 1913, and the damages assessed at $583.50.

On May 13, 1915, on petition of Thomas B. Gibb, executor of J. McGregor Gibb, deceased, a rule was granted on the plaintiff to show cause why the writ of scire facias issued June 11, 1908, and the alias writ issued February 25, 1913, should not be quashed and the judgment of revival entered on June 2, 1913, stricken off.

The court discharged the rules.

*Error assigned* was order discharging the rules.

*Roland C. Heisler,* for appellant.—Prior to the passage of the Act of May 16, 1891, P. L. 69, a scire facias to revive a judgment on a municipal claim had to be prosecuted to judgment within five years from the date of its issuing, or the lien of the judgment on the municipal claim was lost: Meason's Est., 4 Watts 341; Silverthorn v. Townsend, 37 Pa. 263; Fulton's Est., 51 Pa. 204; Hershey v. Shenk, 58 Pa. 382, 385; Hunter v. Lanning, 76 Pa. 25; Philadelphia v. Scott, 93 Pa. 25; Howes Bros. v. Dolan, 9 Pa. Superior Ct. 586; Philadelphia v. Sciple,

31 Pa. Superior Ct. 64; Kountz v. Consolidated Ice Co., 36 Pa. Superior Ct. 639.

The issuing of an alias writ, in prosecution of the original scire facias to revive, cannot keep alive the lien of the judgment so as to validate a judgment of revival entered more than five years after the issuing of the original scire facias, even though within five years after the issuing of the alias writ: Silverthorn v. Townsend, 37 Pa. 263; Philadelphia v. Carr, 21 W. N. C. 444; Philadelphia v. Elliott, 23 D. R. 643.

The Act of May 16, 1891, P. L. 69, under which the lien of certain municipal claims were continued by the mere issuing of a scire facias within each period of five years, is not applicable to the claim in the case at bar: Scranton City v. Clarke, 34 Pa. Superior Ct. 128; McKeesport Boro. v. Busch, 166 Pa. 46.

But even if it be admitted that the Act of 1891 is applicable to this case, it affords no protection to the plaintiff's claim, because the method of continuing a lien thereby prescribed was not followed by the plaintiff.

Since a municipal lien is purely in rem, when it is once lost it cannot thereafter be revived: Haddington, Etc., Church v. Philadelphia, 108 Pa. 466; Philadelphia v. Elliott, 23 D. R. 643.

*Walter Biddle Saul,* for appellee, cited: Hanover Borough's App., 150 Pa. 202; Scranton City v. Clark, 34 Pa. Superior Ct. 128; McKeesport Boro. v. Busch, 166 Pa. 46; Crafton Borough v. Richards, 17 Dist. Rep. 835; Kille v. Reading Iron Works, 134 Pa. 225.

OPINION BY KEPHART, J., April 17, 1916:

Prior to the Act of 1891, to continue the lien of a municipal claim that had been reduced to a judgment the scire facias reviving it must be prosecuted to judgment within five years from the issuance of the writ: Meason's Est., 4 Watts 341; Hunter v. Lanning, 76 Pa. 25; City of Philadelphia v. Scott, 93 Pa. 25; Howes Brothers v.

Dolan, 9 Pa. Superior Ct. 586; Philadelphia v. Sciple, 31 Pa. Superior Ct. 64. In obtaining the judgment the time spent in taking an appeal will not be deducted: Kountz v. Consolidated Ice Co., 36 Pa. Superior Ct. 639. The judgment must be obtained within five years from the issuance of the original scire facias. Alias and pluries writs are merely progressive steps in the prosecution of the original. They do not serve to continue the lien for a further period of five years from the date of their issuance: Silverthorn v. Townsend, 37 Pa. 263. In this view of the law without considering the Act of 1891, the appellee's lien was lost. The original scire facias was issued March 21, 1888, and an alias was issued November 6, 1888, and a judgment was entered October 23, 1893, more than five years after the issuance of the original scire facias. A municipal lien is a proceeding against the property for the debt of the property. It involves no personal liability and its enforcement is purely in rem. When the lien is lost against the property it is a lien against nothing. No action in the form of a scire facias can be sustained upon it: Haddington, Etc., Church, 108 Pa. 466.

If the lien is to be sustained it must be under the Act of May 16, 1891, P. L. 69. It has been stated that the general purpose of the act is a part of a system of general affirmative legislation relating to municipal improvements, the ascertainment of the damages resulting therefrom, the assessment of the cost therefor upon the property benefited, and the manner of collecting such assessments. It did not interfere with preexisting laws except where there was an irreconcilable repugnancy: Scranton v. Clarke, 34 Pa. Superior Ct. 128; Hanover Borough's App., 150 Pa. 202. As the act affects the question now before us which relates to the continuance of the lien, the preceding legislation required a judgment to be obtained within five years from the issuance of the original scire facias. The Act of 1891 provided that the lien remained until fully paid and satisfied, but a writ of

scire facias must be issued to continue the lien at the expiration of every period of five years. This provision as read into the preceding legislation provides a new and additional method of continuing municipal liens. It omitted the necessity of a judgment and provides in lieu thereof the issuance of a scire facias every five years, it is not inconsistent with any provisions of the Act of March 26, 1827, P. L. 303; and June 1, 1887, P. L. 289. We will assume, for the purpose of this case, that the Act of 1891 applied to assessments under the foot front rule and that it applies to municipal claims on which final assessments were made before the passage of that act, both of which propositions of law are doubtful and disputed by the appellant. Nevertheless, the appellee was required, under the Act of 1891, to do something to continue his lien. It was not continued by force of the act itself. The appellee could have taken a judgment within the five years from the issuance of the original writ of scire facias March 21, 1888, had he desired so to do, or, within the five years from that date it could have issued a scire facias under the Act of 1891. The judgment obtained was within five years from the issuance of the alias scire facias but more than five years after the original writ. There is nothing in the Act of 1891 that enlarged or broadened the use of an alias scire facias or had the effect of converting it into an original writ. The alias scire facias not being of any assistance to the appellee in this respect, the Act of 1891 did not continue the lien indefinitely. It follows, therefore, that the judgment subsequently taken on these writs was void.

The assignments of error are sustained. The judgment is reversed and the rule granted in the court below is reinstated and made absolute. The scire facias issued June 11, 1908, and the alias writ of scire facias issued February 25, 1913, are quashed, and the judgment entered on June 2, 1913, is stricken off.