Borough of Avalon *v.* Shafer, Exrx., Appellant.

Argued April 29, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*George H. Quaill,* for appellant. Cited: Philadelphia v. Jenkins, 162 Pa. 451; Hunter v. Lanning, 76 Pa. 25.

*William Alexander Walker,* for appellee.

Opinion by Gawthrop, J., July 10, 1930:

This is an appeal by defendant from an order of the court below discharging a rule to strike off a judgment entered on an instrument denominated as an amicable scire facias and confession of judgment filed January 17, 1925, at No. 364, April Term, 1925. The record shows that on June 19, 1919, the plaintiff filed in that court, at No. 1933 July Term, 1919, a municipal claim for grading, curbing and paving against two lots of land on Jackman Avenue in the Borough of Avalon and named The Safe Deposit & Trust Company as owner. On January 17, 1925, it filed the instrument on which this judgment was entered, in which the Borough of Avalon was named as plaintiff and The Safe Deposit & Trust Company as defendant, with notice to Elvina M. Shafer, owner. It provided as follows: "Whereas, it is the desire of the defendant in the above entitled case to save the costs and expenses of the issuing of a sci. fa. to revive the Municipal Claim

entered at No. 1933 July Term, 1919. Now, therefore, the undersigned, the owner of the property described in said lien, does hereby authorize and empower the Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania, to enter judgment in the above stated case in favor of the plaintiff, Borough of Avalon, and against the defendant as fully and with the same force and effect as though a sci. fa. had been returned ''served'' by the sheriff of Allegheny County, Pennsylvania; said judgment to be liquidated as follows.'' The amount for which judgment was to be entered was $2,070.52. The instrument was signed and sealed by Elvina M. Shafer. No action was taken in the court below on the lien filed June 19, 1919, until the filing of this order to enter judgment, which was more than five years after the date of the filing of the lien. On April 9, 1929, Mary G. Shafer, defendant, presented a petition to the court below, setting forth that she was the owner in possession of the ground described in the lien and praying the court to strike off the judgment entered against Elvina M. Shafer on January 17, 1925, on the ground, inter alia, that the municipal claim had lost its lien because no writ of scire facias was issued thereon and no amicable scire facias was entered within five years from its filing, as required by statute, and that when the amicable scire facias was entered there was no claim in existence to support a judgment, and that any judgment entered on a scire facias, amicable or adverse, issued on the lien after five years from its filing is a nullity.

The court below declined to pass upon the question whether a municipal lien which has expired because of a failure to issue a scire facias within the statutory period can be revived by voluntary action of the owner of the premises involved. He said the question involved was ''whether the owner of property which had been improved by a municipality and for which the municipality has a just claim against the property may

by voluntary action give the municipality a binding obligation to pay for the improvement and authorize the entry of judgment for the sum jjustly due. We are not asked to strike off the municipal claim, but to strike off the judgment entered against Elvina M. Shafer pursuant to her own solemn obligation. We do not think we should enable a party to repudiate a solemn obligation in this manner ...... Whether the municipal claim is revived by the instrument or not, there seems no legitimate reason why Elvina M. Shafer should not have bound herself and her property for the payment of what she admitted to be due and evidently wanted to pay by such an obligation as she gave. There is every reason why it should be taken at its full face value and sustained as the recognition of a just debt and of an obligation and determination to pay it and of authority to the municipality to proceed for its collection according to its tenor.''

That was the ground of his refusal to strike off the judgment. As we view the case, the judge fell into error in deciding it upon what he considered to be the merits or equities thereof rather than upon the questions of law raised by the petition to strike off the judgment. If a judgment appears upon the face of the record to be a nullity, the court may be properly asked to declare it so and strike it off: Phila. v. Jenkins, 162 Pa. 451; Wilkinsburg Borough v. School District, 298 Pa. 193.

The judgment here under attack was not entered upon an obligation given by Elvina M. Shafer to the borough. It is not founded upon any contract made between them. The instrument authorizing its entry shows on its face that its purpose was to "revive" the municipal lien mentioned therein, and that it was an order to enter judgment on that lien, and not an order to confess an original and independent judgment. Under the most liberal construction in favor of the plaintiff the judgment has no higher standing than if

it had been entered on an adverse scire facias, issued on the lien; for the order to enter it states that it shall be entered "with the same force and effect as though the sci. fa. had been regularly issued on said lien and had been returned 'served' by the sheriff." Municipal liens, like mechanic's liens, are the creatures of statutes and the proceedings for entering and enforcing them are statutory. The statutes must be read and construed as they are written. The Act of June 4, 1901, P. L. 364, Section 10, which governs the entry of, and procedure upon, this lien provides that "a writ of scire facias, in the form hereinafter set forth, must issue within five years from its filing ...... After judgment is entered, it must be revived by writ of scire facias to revive the judgment...... If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the times aforesaid, it shall be wholly lost." Section 17 provides the form of the writ of scire facias by which "the claim shall be sued." That section provides also that "the parties to the claim may agree to an amicable scire facias, upon such terms as may be agreed upon, with the same effect as if a scire facias in the form aforesaid had been duly issued, served and returned. No writ of scire facias to revive the claim shall be issued prior to judgment on the scire facias above set forth." Under these mandatory provisions of the statute the claim not only loses its lien, but becomes wholly lost unless a scire facias is issued thereon or agreed upon and entered within five years from its filing. The purpose of this scire facias is to enforce the claim by obtaining judgment on it, and not to revive the claim. There is a plain distinction in the act between the scire facias to reduce the claim to judgment and the scire facias to revive the judgment obtained thereon. No scire facias to revive may issue until after judgment on the scire facias to enforce. As the plaintiff neither

sued out a writ of scire facias nor entered an amicable scire facias within five years of the filing of the lien, the claim was wholly lost and there remained nothing to support the judgment entered on the amicable scire facias filed. Therefore, the judgment is void.

The lien of a mechanic or municipal claim being statutory its validity, duration and extent are wholly dependent upon compliance with the statutory provisions. When a claim is properly filed and duly revived, it is the lien of the original claim which is preserved and not that of an intervening judgment which may have been secured upon it: Phila. v. Cooper, 27 Pa. Superior Ct. 552, 555. A municipal lien is a proceeding against property for the debt of the property; involves no personal liability; and its enforcement is purely in rem. When the lien is lost against the property no action in the form of a scire facias can be obtained on it: Phila. v. Kelly, 63 Pa. Superior Ct. 133. Where a plain statutory requirement upon which the right to acquire or to continue a lien has been disregarded, it is in the power of the court to declare void the instrument which has been filed with a view to create the lien and strike it from the record. This power has time and again been asserted, most frequently in connection with mechanics' liens: Green v. Green, 237 Pa. 71, 74. In the face of the mandatory terms of the statute there can be no relief from the hardship the borough may suffer from holding the judgment void. "Though equity may appeal for relief, the fixed law will not permit it": Hoot v. Norton, 202 Pa. 114.

The order of the court below is reversed, the rule to show cause why the judgment should not be stricken from the record is reinstated, and the judgment is stricken off.