## City of Reading v. Ryan

*J. W. Speicher,* city solicitor, and *William McK. Rutter,* assistant city solicitor, for plaintiff.

*H. J. Ryan,* for defendant.

SHANAMAN, J., January 15, 1934.—On January 25, 1908, the City of Reading filed a sewer lien against property no. 208 West Green Street, in that city, covering the cost of subterranean construction of house drain sewers, in the sum of $39.07. On January 13, 1913, the City of Reading issued a sci. fa. on the claim, which was delivered to the Sheriff of Berks County, who in due course made his return.

No further action was taken on the said sci. fa. or on the original municipal claim until August 21, 1933, when the City of Reading issued an alias sci. fa. on the claim. The municipal claim in question was filed pursuant to the Act of June 4, 1901, P. L. 364, section 10 of which provides as follows: "Upon each tax or municipal claim a writ of scire facias, in the form hereinafter set forth, must issue within five years from its filing, and verdict must be recovered or

judgment entered on the scire facias within five years after it is issued. Final judgment must be entered on the verdict within five years after its recovery. After judgment is entered, it must be revived by writ of scire facias to revive the judgment; or by judgment thereon within each recurring period of five years. If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the times aforesaid, it shall be wholly lost."

The said section was amended by the Act of May 1, 1907, P. L. 130, sec. 1, the Act of April 27, 1909, P. L. 194, sec. 1, and the Act of June 20, 1911, P. L. 1076, sec. 1; and finally the whole Act of 1901, as amended, was supplied by the Act of May 16, 1923, P. L. 207, of which latter act section 15 is the particular section in which we are here interested. There are no amendments to section 15 of the Act of 1923. Examination of these amendments and of the Act of 1923 discloses no substantial change in the requirements for keeping alive the lien of a municipal claim if the proceeding to do so is by sci. fa.

In Borough of Avalon v. Shafer, Executrix, 100 Pa. Superior Ct. 52, 57 (1930), the court said: "The lien of a mechanic or municipal claim being statutory its validity, duration and extent are wholly dependent upon compliance with the statutory provisions."

As nothing was done within 5 years after the issuance of the writ of sci. fa. sur sewer claim in 1913, the lien of the said claim was wholly lost.

The City of Reading, relies, however, upon the Act of May 22, 1933, P. L. 923. Section 1 of this act provides: "That whenever any city of the third class has heretofore filed in the office of the prothonotary of the proper county any municipal claim or claims, and such city has not, within the period of five years after the date on which any such claim was filed, sued out a writ of scire facias to reduce the same to judgment, then, in any such case, any such city may, within three months after the passage and approval of this act, issue its præcipe for a writ of scire facias on any such municipal claim and proceed to judgment in the manner provided by law to obtain judgments upon municipal claims . . ."

If the City of Reading had never sued out a sci. fa. on the claim, its situation would then fall exactly within the relief provided by this statute. This act, however, by its express terms only applies to a case where the city is in need of relief because it has failed to file a sci. fa. within 5 years after the date on which the claim was filed. Since the city in this case had filed a sci. fa. in 1913, within 5 years after the date of the filing of the original claim, its case is not embraced by the language of the statute.

The city contends that the spirit of the act is to include all cases wherein the municipality has failed to prosecute the claim in the proper way within 5 years, not only within 5 years of the original filing of the claim, but within 5 years of a sci. fa. properly issued thereon. We cannot, however, adopt such a construction. The conditions laid down in the act are plain, and if the legislature had wished to extend the remedy to a case such as the one presented it could easily have expressed such intention. "Where an enactment is plain and sensible, and, according to any meaning, broad or narrow, popular or technical, which may be ascribed to the words, does not apply to the case in hand, it is not permissible for the courts to add or omit words, in order to make it so apply, even though it may be clear to them that the case is as fully within the mischief to be remedied as the cases provided for. This would be, not to construe, but to amend the law, which is within the exclusive province of the legislature": Commonwealth v. Gouger, 21 Pa. Superior Ct. 217, 229. We cannot by construction enlarge the statute or the character of cases to which it applies. The lien has lain dormant since 1913 and, by well-settled principles of law and the express

language of the statute which authorized its preparation and filing, became void after 5 years of inaction after the filing of the sci. fa. During the succeeding years it has remained void, and in order to give new life and effect to it the city must show that the sci. fa. recently issued by it on August 21, 1933, was authorized by positive statutory enactment. The question is not one of strict or liberal construction of a statute, but of a simple application of the principle that the sci. fa. in question must come within the provisions of the law.

The plaintiff's rules are to show cause why the original municipal claim of 1908, the original sci. fa. of 1913, and the alias sci. fa. of 1933 should not be stricken off. We have not been shown any statute or decision which would justify us in striking off the original sewer lien, to the validity of which, when filed, no objection is raised. Similarly, we have been pointed to no authority which would justify us in striking off the original sci. fa. of 1913, to the validity of which at the time it was issued no objection is raised. We are, however, of the opinion that, as the sci. fa. of 1933 brings before us the whole record of the original lien of 1908 and the subsequent proceedings thereon, and as that record reveals that no proceeding was had on the said claim or sci. fa. issued in 1913 between the year 1913 and the issuance of the sci. fa. recently issued in August 1933, it clearly appears on the record that the present sci. fa. is too late and is without legal warrant. "A municipal lien is a proceeding against property for the debt of the property; involves no personal liability; and its enforcement is purely in rem. When the lien is lost against the property, no action in the form of a scire facias can be obtained on it": Borough of Avalon v. Shafer, supra, p. 57. We are therefore of opinion that the alias sci. fa. issued to no. 102, September term, 1933, and entered in the judgment docket to no. 115, August term, 1933, should be stricken off.

And now, to wit, January 15, 1934, the writ of sci. fa. issued to no. 102, September term, 1933, and entered in the judgment docket as of no. 115, August term, 1933, is stricken off, and the prothonotary is directed to make the proper notations of the action of this court upon the respective dockets.

### Supplemental opinion

SHANAMAN, J., February 9, 1934.—In the above case, we filed an opinion striking off the sci. fa. sur municipal claim issued to no. 102, September term, 1933. At the same time, we declined to strike off the original sewer lien issued to no. 4338, January term, 1908. Counsel for petitioner then prayed and received leave to reargue the question of striking off the original lien. Reargument was heard.

"Where a plain statutory requirement upon which the right to acquire or to continue a lien has been disregarded, it is in the power of the court to declare void the instrument which has been filed with a view to create the lien and strike it from the record": Borough of Avalon v. Shafer, Executrix, 100 Pa. Superior Ct. 52, 57. In that case a judgment, and not the original municipal lien, was sought to be stricken off, but the reason of the rule applies equally to the present case, where the original lien claim is sought to be stricken off. We are of opinion that for the reasons given in our former opinion it is proper to strike off the original municipal lien, but that it is not necessary to strike off the sci. fa. entered on it in 1913, since the whole force and effect of the latter departs with the striking off of the original lien: City of Philadelphia, to use, v. Deardon et al., 18 D. & C. 268.

And now, to wit, February 9, 1934, the defendant's rule to strike off the original municipal lien entered to no. 4338, January term, 1908, is made absolute.

From Charles K. Derr, Reading, Pa.