# Philadelphia to use *v.* Kehoe.

*Municipal lien—Registered owner—Amendment.*

At the trial of a scire facias sur municipal lien for paving, it is not error for the court to amend the record so as to add the names of the actual owner of the land lienced and a person who became a registered owner of a part of the land after the lien was filed.

The true owner of the premises against which a municipal lien for paving has been filed cannot, if he has not made himself the registered owner, defend against the lien because the registered owner who had no title had not been made a party defendant in the scire facias.

A municipal lien for paving was filed against a person who was neither owner nor registered owner. The true owner and the registered owner at the time of the trial were added as defendants at the trial, and a verdict was entered against them. *Held,* that a judgment on a verdict should be sustained.

Argued Oct. 24, 1902. Appeal, No. 179, Oct. T., 1902, by Mabel A. Glazier, from judgment of C. P. No. 4, Phila. Co., March T., 1898, No. 192, M. L. D., on verdict for plaintiff in case of Philadelphia to use of the Mack Paving Company v. Michael J. Kehoe, Owner or Registered Owner, and E. Spencer Miller, Registered Owner. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur municipal lien for paving. Before WILLSON, J.

The introductory paragraph of the claim as filed was as follows:

The city of Philadelphia to use of the Mack Paving Company, hereby files this its claim against Michael J. Kehoe, owner or reputed owner, and                registered owner, or whoever may be owner of all that certain lot or piece of ground and messuage or tenement thereon erected, situated in the

twenty-second ward of the city of Philadelphia, on the north-west side of Berkley street (fifty feet wide), beginning at a point, etc.

At the trial the court permitted the judgment to be amended by adding the names of Henry A. McCaffrey and Mabel A. Glazier, owners, as defendants.

The parties entered into the following agreement:

It is agreed that the strip of ground was owned by Henry S. McCaffrey when the work was done and lien filed. That the same property was registered in the name of Thomas J. Greene at that time, and it is agreed that verdict shall go for the plaintiff, and that the point shall be reserved whether under the lien and record pursuant thereto plaintiff can maintain his claim.

Verdict for plaintiff for $330.60, subject to the point reserved. The court subsequently entered judgment for plaintiff on the verdict.

*Errors assigned* were (1) in permitting the amendment; (2, 3) in entering judgment for plaintiff.

*E. Spencer Miller,* for appellant.—It cannot be controverted that a municipal lien must be filed in the name of the registered owner, otherwise it will be void. This was flatly decided by a reversal of the court below in Gans v. Philadelphia, 102 Pa. 97.

Nor can it be denied that proceedings subsequent to the lien must be in the name of any later registered owner, and that the writ of scire facias must be served on any such persons : Act of March 14, 1865, sec. 5, P. L. 320 ; Act of March 29, 1867, sec. 1, P. L. 600 ; Simons v. Kern, 92 Pa. 455.

If the lien as filed was materially defective, or the proceedings by scire facias, then an amendment, after six months from the doing of the work, would not make the defect good : Wolf v. Philadelphia, 105 Pa. 25 ; Grier v. Northern Assurance Co., 183 Pa. 334 ; Dearie v. Martin, 78 Pa. 55 ; McFarland v. Schultz, 168 Pa. 634.

Even if the amendment had not been objected and excepted to, it would not make the claim good after the six months, if before it was radically bad : Kaul v. Lawrence, 73 Pa. 410 ; Seipel v. Baltimore, etc., Railroad Co., 129 Pa. 425.

. But even if the amendment was properly allowed, it did not correct the failure in the former proceedings to vest the court with jurisdiction, by giving the notice prescribed by statute.

. . *E. O. Michener,* for appellee.

OPINION BY W. D. PORTER, J., March 12, 1903:

A municipal claim for paving was filed against a lot at the corner of Berkley street and Wayne avenue, in the city of Philadelphia, Michael Kehoe being named as owner and registered owner. At the trial it appeared that after the lien was filed Mabel A. Glazier had become the registered owner of a part of the land, and that Henry S. McCaffrey was the actual owner of the entire property, at the time the work was done and claim filed, and continued so to be until the time of the trial, although the titles to different parts of it were registered in other names. The court below permitted the record to be amended by adding the names of Henry S. McCaffrey and Mabel A. Glazier, owners, as defendants. It was right to allow this amendment, leaving the defendants to their prayer for proper instructions, according to the nature of the case, as developed in the evidence : Kaul v. Lawrence, 73 Pa. 410 ; Seipel v. Baltimore, etc., Railroad Company, 129 Pa. 425. The first specification of error is dismissed.

The remaining specifications of error complain only of the entry of judgment upon the verdict, under the question reserved. The parties, respectively, had presented evidence which raised questions of fact for a jury to determine, but they finally entered into the following agreement, which withdrew that evidence from the jury: "It is agreed that the strip of ground was owned by Henry S. McCaffrey, when the work was done and lien filed. That the same property was registered in the name of Thomas J. Greene, at that time, and it is agreed that verdict shall go for the plaintiff, and that the point shall be reserved whether under the lien and record pursuant thereto plaintiff can maintain his claim." The learned judge of the court below subsequently entered judgment in favor of the plaintiff upon the verdict. In reviewing that action we cannot go outside of the facts embodied in the agreement, and the record proper considered in the light of those facts. The record and

proceedings were regular, and the plaintiff has a right to be paid out of this land, unless in the enforcement of the right there has been a failure to do something which the law required. The appellants contend that the claim as filed was materially defective and insufficient to preserve the lien for the work, for the reason that Thomas J. Greene, who was the registered owner at the time the work was done and the lien filed, was not made a party defendant, and was not made a party to the scire facias. Greene has not been made a party to these proceedings, and if he were really now the owner of this land, this judgment would not bind his estate therein, but he is not here complaining. These parties have agreed that McCaffrey and not Greene was the owner of the land, although the registry indicated title in the latter, at the time the work was done and lien filed. The agreement does not state how McCaffrey derived title, whether by deed from Greene or from some other source; nor does it suggest anything which could limit that title to less than a fee simple estate. When the parties agreed without qualification that McCaffrey owned the land, we must assume that his estate was without condition or limitation. McCaffrey being the owner might have protected himself against the sale of his property in any name other than his own, had he caused his title to be registered, as it was his duty to do under the provisions of the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600. The result of his failure to register his title was to make his land subject to the provision embodied in section 5 of the act of March 14, 1865: "and if the lands or houses sold, be afterwards sold for taxes, thereafter accruing, as a lien of record, before said duty shall have been performed, the purchaser shall acquire title, as now he may by law, within the county of Philadelphia." The facts embodied in the question reserved were a sufficient warrant for the action of the court below in entering judgment upon the verdict: Wistar v. Philadelphia, 86 Pa. 215; Emrick v. Dicken, 92 Pa. 78; Northern Liberties v. Coates's Heirs, 15 Pa. 245; Delaney v. Gault, 30 Pa. 63; Soullier v. Kern, 69 Pa. 16; White v. Ballantine, 96 Pa. 186; Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203.

Had it been necessary to review the evidence in this proceeding, we would probably have been constrained to quash the

paper-book and dismiss the appeal because of the failure of the appellants to print at least the material parts of a deed from Thomas J. Greene to Michael J. Kehoe, which was offered in evidence. That deed seems to have called for a frontage on Berkley street. If Berkley street was a street actually opened, or if the call was for it as an existing highway, and not merely as a street located upon the city plan by way of description, then Kehoe took title to the very strip of land in question. That deed was registered, and the registering officer held that it did not include this strip of ground 10 feet wide, but the judgment of that officer was not conclusive of the question. The claim when filed named Kehoe as owner and registered owner, if he owned this strip of ground, then the lien must upon that ground have been held valid. The agreement of the parties as to the facts has relieved us from the consideration of that question.

The judgment is affirmed.