# Olyphant Borough to use, Appellant, *v.* Egreski.

*Municipal lien—Scire facias—Judgment—Opening judgment—Terre-tenant.*

Where a judgment has been entered on a municipal lien in default of an affidavit of defense without notice to the terre-tenant, the terre-tenant has a right to intervene, and to show on a rule to open the judgment that the municipal lien had been discharged by a sheriff's sale which occurred before the terre-tenant took title.

*Municipal lien—Mortgage—Sheriff's sale—Discharge—Acts of April 23, 1889, P. L. 44, May 16, 1891, P. L. 69, and July 26, 1897, P. L. 420.*

A municipal lien filed on September 1, 1899, under the Act of April 23, 1889, P. L. 44, and subject to the provisions of the Acts of May 16, 1891, P. L. 69, and July 26, 1897, P. L. 420, is discharged by a sheriff's sale made prior to the passage of the Act of June 4, 1901, P. L. 364, where it appears that the fund produced by the sale was more than sufficient to pay the lien in full; and this is the case although the fund by mistake was applied to a mortgage and judgment prior in date to the lien.

*Municipal lien—Constitutional law—Obligation of contract—Act of May 16, 1891, P. L. 69.*

The Act of May 16, 1891, P. L. 69, saving a municipal lièn from discharge by a sheriff's sale is constitutional.

The imposition of local assessments for local benefits is an exercise of the power of taxation, vested in the state as a sovereign. The state has the power to tax lands, and exact the full payment of the tax, without regard to the manner in which private interests may thereby be affected. The fact that the security of the mortgage may be diminished because the land is lawfully subjected to a tax for public purposes does not impair the obligation of his contract within the meaning of the constitution.

Argued Jan. 16, 1905. Appeal, No. 60, Jan. T., 1905, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1903, No. 559, on verdict for defendant in case of Olyphant Borough to use of the Alcatraz Paving Co. v. Julius Egreski (Sarah P. O'Donnell Intervening). Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur municipal lien. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiffs appealed.

116, (1905).]     Assignment of Error—Opinion of the Court.

*Error assigned* was in giving binding instructions for defendant.

*A. A. Vosburg*, with him *Charles W. Dawson*, for appellant. —The lien against J. Egresky was not divested by the sheriff's sale: Chester v. Bullock, 4 Del. Co. Rep. 29; Morris v. Hainer, 4 Pa. Dist. Rep. 635; Bryant's App., 104 Pa. 372.

A case which seems absolute to control the one at bar: Pittsburg's App., 40 Pa. 455.

The legislature has no power to impair the obligation of a contract: Reiser v. William Tell Saving Fund Ass'n, 39 Pa. 137 ; Bank v. Smith, 19 U. S. 131; Penrose v. Erie Canal Co., 56 Pa. 46.

*W. M. Bunnell*, with him *Chas. E. Daniels*, for appellee.— It has also been decided by the Pennsylvania courts that a terre-tenant affected by any judgment in rem, who has had no notice of the proceedings and who is injuriously affected by the judgment, may intervene: Woods v. White, 36 Legal Intelligencer, 156 ; Gibbs v. Smith, 1 Philadelphia, 400 ; Silverthorn v. Townsend, 37 Pa. 263.

The municipal lien in question is entitled to priority over the mortgage and judgment which were senior encumbrances in point of time : Philadelphia v. Cooke, 30 Pa. 56 ; Eaton's App., 83 Pa. 152; Northern Liberties v. Swain, 13 Pa. 113 ; Tionesta Boro. v. Randall, 9 Pa. Dist. Rep. 763 ; Germania Savings Bank v. Miller, 38 Pittsburg Leg. Journ. 16.

The municipal lien was entitled to come in on the fund created by the sale in the case at bar, and was, therefore, discharged : Allegheny City's App., 41 Pa. 60 ; Pottsville Boro. v. Knecht, 1 Leg. Rec. 45 ; Philadelphia v. Cox, 1 Pa. Dist. Rep. 280; Girard Life Ins., etc., Co. v. Farmers' & Mechanics' National Bank, 57 Pa. 388 ; Sneathen's Estate, 22 Pa. Superior Ct. 45 ; Northern Liberties v. Swain, 13 Pa. 113 ; Tionesta Borough v. Randall, 9 Pa. Dist. Rep. 763.

We submit that no claim having been made to the sheriff for this fund, the lien is in law paid : City of Philadelphia v. Cooke, 30 Pa. 56 ; Boro. of Pottsville v. Knecht, 1 Legal Record, 45.

OPINION BY PORTER, J., October 9, 1905 :

This is an action of scire facias upon a municipal lien.     The

lien was filed September 1, 1899, and the property was at that time subject to two liens prior in point of time, viz.: a mortgage for $4,000, which had been recorded March 18, 1896, and a judgment for $2,000, which had been entered March 26, 1896. Judgment was entered on the bond accompanying the mortgage in 1900, a fieri facias issued thereon, and the real estate in question was sold by the sheriff to Charles Robinson, for $5,325. The money arising from the sale by the sheriff was distributed as follows: to the first mortgage a sum sufficient to satisfy the same in full, debt, interest and costs, and the balance to the judgment, nothing being appropriated to the municipal claim. Robinson, the purchaser at the sheriff's sale, by deed duly recorded, conveyed to P. J. O'Donnell, who by deed dated June 21, 1900, and duly recorded, conveyed to Sarah P. O'Donnell. A writ of scire facias was issued upon the municipal lien in 1903, served upon Egreski, and judgment entered in default of an affidavit of defense, without notice to the terre-tenant. Sarah P. O'Donnell presented her petition to the court below, praying that she be allowed to intervene, and that the judgment might be opened and she permitted to defend, whereupon the court granted a rule to show cause why the prayer of the petitioner should not be granted, which rule it subsequently made absolute. The learned judge of the court below at the trial, gave binding instructions in favor of the defendant.

This was a proceeding in rem: Emrick v. Dicken, 92 Pa. 78. The borough was seeking to enforce an alleged lien against property of which Sarah P. O'Donnell was the sole owner, that she had a standing which entitled her to be heard is too clear for discussion. The petition which she presented to the court below and the answer thereto filed by the plaintiff established facts which constituted a complete defense, and there was no error in the action of the court below in opening the judgment and permitting her to become a party.

This lien was filed, and the sheriff's sale which discharged the first mortgage occurred prior to the approval of the Act of June 4, 1901, P. L. 364, and that statute has no application in determining the rights of the parties. The question is, Was the municipal lien discharged by the sheriff's sale in 1900? The lien was filed under the Act of April 23, 1889, P. L. 44,

and to it are applicable the provisions of the Acts of May 16, 1891, P. L. 69, and July 26, 1897, P. L. 420. The appellant contends that the lien of the municipal claim is saved from discharge by the sheriff's sale, by the first section of the act of 1891, which provides that the claims, when properly filed and revived, " shall remain a lien upon said properties until fully paid and satisfied "; and the act of 1897, sec. 1, which provides that such claims " shall be and continue to be and remain liens upon the respective properties until fully paid and satisfied." The language of these statutes, as applied to this case, is substantially the same, and can only be construed to have the same meaning. Those provisions do not change the established law that a judicial sale divests all liens and turns them over to the proceeds, but qualify the rule only to this extent, that, so far as the municipal claims are not reached and paid in full, they shall continue to be a lien. They do not expressly give such municipal liens priority of payment over liens prior in time but that necessarily follows from the provision that they shall continue a lien until fully paid and discharged. When the property sells for a sum sufficient, after deducting the costs of sale, to pay the taxes and municipal claims in full, the purchaser takes title discharged of their lien : Northern Liberties v. Swain, 13 Pa. 113 ; Philadelphia v. Cooke, 30 Pa. 56 ; Allegheny City's Appeal, 41 Pa. 60 ; Pittsburg's Appeal, 70 Pa. 142 ; Eaton's Appeal, 83 Pa. 152 ; Sneathen's Estate, 22 Pa. Superior Ct. 45. The question presented is, by these authorities, definitely settled contrary to the contention of the appellant. The Appeal of the City of Pittsburg, 40 Pa. 455, was decided under a statute which provided, " that the lien of such claim shall not be divested by any private or judicial sale, but shall remain a lien upon the premises "; and is so explained by the judge who wrote the opinion, Chief Justice THOMPSON, in Pittsburg's Appeal, 70 Pa. 142. The Act of April 2, 1870, P. L. 796, contained the provision that liens under it " shall not be divested by any judicial sale," which was accepted as controlling in Bryant's Appeal, 104 Pa. 372. The case of Perry v. Brinton, 13 Pa. 202, involved the construction of several statutes specially applicable to Philadelphia, and it was held that the lien of a first mortgage was not divested by a sale upon a municipal lien as-

sessed subsequently to the recording of the mortgage, but that case did not decide that the municipal claim would not have been entitled to priority of payment in case the sale had been upon the mortgage. In the present case the property sold for an amount more than sufficient to pay the municipal claim, and the property was discharged from the lien. The fund was more than sufficient to pay the claim and primarily applicable to the lien, the failure of the plaintiff to claim and receive it did not reimpose the burden of the lien upon the land in the hands of the purchaser at the sheriff's sale : Philadelphia v. Cooke, 30 Pa. 56 ; Appeal of Mellon, 114 Pa. 564.

The argument that a statute which gives to municipal liens the right to priority of payment over a mortgage, which is prior in point of time, impairs the obligation of contracts, and is for that reason unconstitutional, does not require serious consideration. The mortgage in the present case was taken years after the act of 1891 had been passed, and the mortgagee accepted his security with knowledge of the fact that the property was liable to become charged with municipal assessments which would be entitled to priority of payment out of the proceeds of a sale upon the mortgage. The imposition of local assessments for local benefits is an exercise of the power of taxation, vested in the state as a sovereign. The state has the power to tax lands, and exact the full payment of the tax, without regard to the manner in which private interests may thereby be affected. The fact that the security of a mortgagee may be diminished because the land is lawfully subjected to a tax for public purposes does not impair the obligation of his contract within the meaning of the constitution.

The judgment is affirmed.