# Marshall Avenue.

*Road law—Grading—Advertisement—Act of April 18, 1899, P. L. 57.*

The curative Act of April 18, 1899, P. L. 57, is constitutional, and covers a failure to advertise a grading ordinance as required by the Act of May 22, 1895, P. L. 105.

A failure to have a viewers' report confirmed nisi by the court is cured as to exceptants having knowledge of the filing of the report and coming into court and filing exceptions within the proper time.

Argued Nov. 1, 1905. Appeal, No. 160, Oct. T., 1905, by W. G. Park, from decree of C. P. No. 2, Allegheny Co., April T., 1901, No. 357, dismissing exceptions to report of jury of view In re Grading of Marshall Avenue. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of jury of view.

FRAZER, P. J., filed the following opinion:

Under an ordinance approved April 6, 1896, and passed without petition therefor by abutting property owners, Marshall avenue was graded. The ordinance under which the work was done, owing to an oversight, was not advertised in the official newspapers of the city for ten days, as required by the Act of May 22, 1895, P. L. 105. Nor was the viewers' report presented to the court for confirmation nisi, as required by the Act of April 18, 1899, P. L. 57. It was, however, filed in the prothonotary's office, and by that office confirmed nisi, pursuant to the provisions of the Act of April 2, 1903, P. L. 124, exceptants all having notice of the report being filed and confirmed nisi. To the report a number of exceptions have been filed by abutting property owners. It seems to us the only exceptions that need to be considered are those relating to the failure to advertise the ordinance and the neglect to have the viewers' report confirmed nisi by the court. Without the act of April 18, 1899, above referred to, these exceptions would have to be sustained. Does that act apply to this case and cure the defect caused by the failure to advertise the ordinance? The city's contention is that it does do so, while exceptants

contend (1) the act is unconstitutional, and (2) if valid does not apply to this case. The act is what is known as curative legislation, and provides that where a street has been graded, paved or otherwise improved by municipal authority, under the provisions of invalid laws or ordinances " such improvements are made valid and binding." The act is similar in nearly all respects to the curative act of 1891. As that act was declared to be constitutional in Donley v. City of Pittsburg, 147 Pa. 348, we have no hesitation in holding the act of 1899 to be valid. Do its provisions cover a failure to advertise an ordinance authorizing an improvement under a valid act of assembly as in this case ? The provisions of the act are quite broad, and, it seems to us, were intended to cover all cases where properties " Have been by such improvement peculiarly and specially benefited." The act applies in three events to cases where a municipality has incurred expense in improving streets, which has resulted in benefiting abutting property, namely, (a) where the act of assembly granting the authority has been declared unconstitutional; (b) where the act, ordinance or contract, " is or are otherwise invalid; " and (c) " where for any reason private property cannot be assessed for peculiar special benefits." The legislature might have omitted the requirements for advertising the ordinance in the official newspapers of the city, and having the power to do so, clearly had the right to legalize what it might previously have done. The act, in our opinion, is broad enough to cover the defect in this case, and remedies the failure to advertise the ordinance, and prevents the proceeding from being void. The improvement having been made in good faith by the city, at an expense of $56,752.94, it is no more than right that exceptants should assist in meeting that expense, if the respective properties were benefited thereby. Whether they were or were not benefited will be determined by a jury, as all exceptants have appeals pending.

The exceptions relating to the failure to have the report confirmed nisi by the court cannot be sustained, as it appears no injustice was done any of the exceptants by the oversight. All had knowledge of the report being filed and came into court and excepted thereto within the proper time.

The remaining exceptions are without merit, and need not be considered.

*Errors assigned* were in dismissing exceptions to report of jury of view.

*Charles P. Lang*, with him *A. C. Johnston*, for appellant, cited: Fulton Street, 8 Pa. Superior Ct. 104; Green Tree Avenue, 21 Pa. Superior Ct. 177; Pusey v. Allegheny, 98 Pa. 522.

*Stephen G. Porter*, city solicitor, for appellee, cited: In re Liberty Street, 11 Pa. Dist. Rep. 488; In re Chatham Street, 16 Pa. Superior Ct. 103; Donley v. Pittsburg, 147 Pa. 348; Whitney v. City of Pittsburg, 147 Pa. 351; In re Beechwood Ave., 194 Pa. 86.

PER CURIAM, January 2, 1906:
Judgment affirmed on the opinion of the court below.