## Allegheny v. Stewart, Appellant.

*Road law—Street improvements—Void legislation—Retroactive legislation.*

1. Where abutting property has been benefited by a street improvement made under void authority the lots may be charged for their proportionate shares of benefit received by subsequent legislation. A retroactive enactment can cure a want of authority in levying the tax. The liability of the land to such a charge does not depend on the question of ownership. It is the benefit which the improvement confers on the land which creates the liability.

2. When it is decided that retroactive legislation is valid which charges property with benefits conferred under void legislation, no reason exists why the property actually benefited should not be charged with its share of such benefit without regard to the ownership of the property at the time the charge is fixed.

3. Where a person purchases property around which a city had recently made extensive and costly street improvements, although there is no present valid lien therefor, he is presumed to know that the property is liable to be charged with its proportion of the expense of such improvements, and that this may be done by subsequent as well as by antecedent legislation.

Argued April 21, 1910. Appeal, No. 55, April T., 1910, by defendant, from order of C. P. No. 3, Allegheny Co., Nov. T., 1904, M. L. D. No. 318, making absolute rule for judgment for want of a sufficient affidavit of defense in case of City of Allegheny v. Catherine W. Stewart, with notice to John D. Shafer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Scire facias sur municipal lien for grading, paving and curbing a street.

Rule for judgment for want of a sufficient affidavit of defense.

EVANS, J., filed the following opinion:

This is an action based upon a scire facias sur municipal lien, and the case comes before the court on a rule for judgment for want of a sufficient affidavit of defense.

The facts, which are not in dispute, are as follows:

In 1894, the city of Allegheny improved Perrysville avenue under an act of assembly which was subsequently declared unconstitutional. In April, 1899, the legislature passed an act of assembly empowering the cities where improvements had been made by virtue of an act of assembly subsequently declared unconstitutional, to assess abutting property to the extent that it is specially benefited to pay the cost of said improvements. In June, 1899, proceedings were instituted and viewers were ap-

pointed under said act to assess the benefit and award damages for the improvement of Perrysville avenue. In November, 1900, the report of viewers was filed, and in May, 1904, this report was confirmed absolutely.

The property in dispute at the time of the improvement of Perrysville avenue was owned by the Watson Land Improvement Company, which company, by deed dated April 22, 1897, conveyed the property assessed to Catherine W. Stewart, one of the defendants, who by deed of general warranty, dated April 26, 1902, conveyed the same to John D. Shafer, terre-tenant. It is claimed by the defendant that the plaintiff cannot enforce its lien in this case, because to do so would impair the validity of a contract and disturb vested rights. We can conceive of no contract either by the state or by the city of Allegheny, which is impaired by the act of 1899, or by enforcing the lien of this assessment under that act. So far as vested rights are concerned, there is no more disturbing vested rights in enforcing this lien against the land in the hands of Mrs. Stewart or Judge Shafer, than there would have been in enforcing it against the land in the hands of the Watson Land Improvement Company.

It is urged that when Mrs. Stewart bought from the Watson Land Improvement Company, she took this land free of any lien or claim of the city for an assessment of benefits to pay the cost of the improvement of Perrysville avenue. It is true that when she bought from the Watson Land Improvement Company, under the law, as it existed at the time, the land was free from any lien or claim on the part of the city for the improvement of Perrysville avenue. It was just as free from any such claim or lien in the hands of the Watson Land Improvement Company as it was in the hands of its vendee. The liability of this land for its proportionate share of the cost of the improvement of Perrysville avenue does not depend upon the owner of the land at the time the improvement was made, or at any other time. It is not an

incumbrance on the land, because of a debt or liability of the owner, as in the case of a judgment debt. If the land is liable for an assessment to pay a proportionate share of the cost of the improvement of Perrysville avenue, it is liable because the land itself was benefited, and because the legislature has said that the land itself should pay its proportionate share of that cost.

The right of the state to give municipalities the power to assess land for improvements already made, is not a question in this case. There may be some question growing out of the length of time which has elapsed between the date of the improvement and the date of the passage of the remedial legislation, which, in this case, was about five years. Unquestionably, there is a limit, after improvements have been made, beyond which the legislature ought not to assess the land to pay the cost of the improvement, but we do not think that five years is an unreasonable length of time.

The right of the legislature to assess the land is absolute, and without reference to whom at the time may be the owner. It is not, as we said, a question of the liability of the owner; it is a question of the liability of the land itself, which has been benefited by the improvement, and for which benefit the law says it must pay.

"The original assessment for a local improvement proving insufficient, the legislature may, in the absence of special constitutional restriction, authorize a reassessment, and make it operate upon the property benefited, that is, upon all that was originally liable to contribute; and such a law is valid, even against a person purchasing intermediate the assessment and reassessment. Vested rights are not thereby impaired:" 2 Dillon on Municipal Corporations, sec. 814.

In the case of Tallman v. City of Janesville, 17 Wis. 71, the assessment of taxes in the years 1854, 1855 and 1856 had been declared void by the Supreme Court of the state, and the legislature passed an act providing for the reassessment of taxes for those years. In passing

538    ALLEGHENY *v.* STEWART, Appellant.

Opinion of Court below—Opinion of the Court.    [43 Pa. Superior Ct.

upon the question, identically similar to the one at bar, where the land assessed had passed from the original owner prior to the passage of the remedial legislation, the court said:

"The respondents must be presumed to have known when they purchased these lands, that the taxes formerly assessed against them had been declared void, and they purchased with full knowledge of the power of the legislature to provide for a reassessment of them."

And the assessment was held to be valid.

Mrs. Stewart knew when she purchased, that Perrysville avenue had been improved. She knew, or ought to have known, that the property she purchased had not paid its proportionate share of the cost of that improvement, and that the legislature had the right to provide that it should pay its share of the cost.

And now, January, 1909, the above cause came on to be heard on a rule for judgment for want of a sufficient affidavit of defense, and upon consideration thereof, the rule is made absolute.

*Error assigned* was the order of the court.

*John W. Thomas*, with him *M. Wilson Stewart*, for appellant.—The contention of the appellant is that the municipal lien in this case cannot be maintained: Shonk v. Brown, 61 Pa. 320; Lafferty v. Milligan, 165 Pa. 534.

*Lee C. Beatty*, with him *Charles A. O'Brien* and *James B. Drew*, for appellee.—The assessments under the curative Act of April 18, 1899, P. L. 57, are valid: Donley v. Pittsburg, 147 Pa. 348; Chester City v. Black, 132 Pa. 568; State v. Newark, 34 N. J. L. 236; Tallman v. Janesville, 17 Wisconsin, 71; Butler v. Toledo, 5 Ohio St. 225; Hewitt's App., 88 Pa. 55; Kelly v. Pittsburg, 85 Pa. 170; Olyphant Boro. v. Egreski, 29 Pa. Superior Ct. 116.

OPINION BY HENDERSON, J., July 20, 1910:
We have passed the point at which it can be success-

fully contended that the legislature has not the power to legalize a municipal improvement which it might previously have ordered. Where the abutting property has been benefited by a street improvement made under void authority the lots may be charged for their proportionate shares of benefit received by subsequent legislation. A retroactive enactment can cure a want of authority in levying the tax. The liability of the land to such a charge does not depend on the question of ownership. It is the benefit which the improvement confers on the land which creates the liability. The constitutionality of the Act of April 18, 1899, P. L. 57, under which the claim was filed in this case was determined in Marshall Avenue, 213 Pa. 516. Such remedial legislation has been sustained in many cases, among which are Com. v. Marshall, 69 Pa. 328; Hewitt's Appeal, 88 Pa. 55; Harrisburg v. McCormick, 129 Pa. 213; Chester City v. Black, 132 Pa. 568; Donley v. Pittsburg, 147 Pa. 348; Olyphant Boro. v. Egreski, 29 Pa. Superior Ct. 116. The same doctrine is announced in Butler v. City of Toledo, 5 Ohio St. 225; Tallman v. City of Janesville, 17 Wis. 71; and State v. City of Newark, 34 N. J. L. 236. Local assessments for local benefits are imposed by the state in the exercise of the power of taxation and this tax may be imposed without regard to its effect on private interests. It is said that Mrs. Stewart bought the land free from any lien or claim of the city growing out of the grading and paving of Perrysville avenue because that improvement was made without legal authority and as the land was not subject to a lien in her hands the appellant took it free from liability, but this does not answer the argument of the appellee that the land was liable to be charged with its portion of the benefits growing out of the change in the condition of the street. When it is decided that retroactive legislation is valid which charges property with benefits conferred under void legislation no reason exists why the property actually benefited should not be charged with its share of such benefit without regard to the ownership of the property

at the time the charge is fixed.    In the appellant's case it cannot be said that he was without notice at the time he acquired title, for the deed to him is dated April 26, 1902, and the report of viewers was filed in November, 1900. He and his predecessor in title are presumed to have had knowledge that the property about which they were dealing abutted on an avenue on which the city had recently made extensive and costly improvements and they are also presumed to have known that the property was liable to be charged with its proportion of that expense and that that might be done by subsequent as well as by antecedent legislation.    The property received the benefit and it is reasonable that it should bear its share of the cost.    There was no such lapse of time between the completion of the work and the enactment of the curative statute as should have moved the court to hold that the period was unreasonably long.    On any theory of the presumption of payment or a statute of limitations or the continuance of a lien the intervening period was not unreasonable.    The well-considered opinion of the learned judge of the court below renders an extended discussion of the question unnecessary.

The judgment is affirmed.