## City of Johnstown *v.* Dibert, Appellant.

*Municipal liens—Mortgages—Priority—Right of lien—Act of May 28, 1915, P. L. 599.*

Under the provisions of the Act of May 28, 1915, P. L. 599, the lien of a tax or municipal claim is not divested by any judicial sale of the property liened, where the amount due is indefinite or undetermined, nor is the lien of a tax or municipal claim divested by a

judicial sale of the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge.

Charges upon or estates in land created by an owner thereof cannot avail against the taxing power of the Commonwealth. Municipal liens for the grading or paving of streets are a species of taxation and come within the rule. Such liens bind the entire estate in the land, except where an Act of Assembly directs otherwise.

The state has the power to tax lands and exact the full amount of the tax without regard to the manner in which private interests may be thereby affected. The fact that the security of a mortgage may be diminished because the land is subjected to a tax does not impair the obligation of a contract within the meaning of the Constitution.

The provisions of the Act of May 28, 1915, P. L. 599, did not change the established law that a judicial sale divests all liens and turns them over to the proceeds, but qualified the rule only to this extent, that, so far as tax and municipal claims are not reached and paid in full, they shall continue to be a lien.

Argued April 22, 1926.   Appeal No. 132, April T., 1926, by M. D. Kittell, terre tenant, from judgment of C. P. Cambria County, March T., 1925, No. 579, in the case of City of Johnstown v. George W. Dibert, owner or reputed owner, M. D Kittell, terre tenant. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.   Affirmed.

Sci. Fa. Sur municipal lien.   Before Evans, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff. M. D. Kittell, terre tenant, appealed.

*Error assigned,* among others, was the judgment of the court.

*Philip N. Shettig,* and with him *Helena A. Ivory,* for appellant.

*Tillman K. Saylor,* City Solicitor, and with him *Friedjoff D. Tappert,* for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

The City of Johnstown having graded and paved a street, instituted a proceeding, under the provisions of the statutes, to cause the assessment of benefits and damages to abutting property resulting from the improvement and the property here involved was assessed for benefits in the sum of $1,659. The report of viewers was confirmed absolutely, and the city in due time and in proper form filed a lien against the property for the amount of the assessment. This is an action of scire facias upon that lien. The terre tenant, Kittell, filed an affidavit of defense, which the court held insufficient and entered judgment in favor of the city. Kittell appeals from that judgment.

The affidavit of defense raised no question as to the regularity of the proceedings which resulted in the assessment against the property for the benefits which had accrued from the improvement. The affidavit averred that the lien was filed on January 31, 1920, and that the property was at that time subject to the lien of a mortgage for $2,000 which had been executed by Dibert, the owner, to M. F. Farren, which said mortgage was duly recorded on February 8, 1904. It further averred that a writ of scire facias had been issued on that mortgage in March, 1921, and that judgment had been entered in the proceeding and a writ of levari facias issued upon said judgment, and that by virtue of said writ the sheriff sold the said property to Kittell, on June 6, 1921, and conveyed the same to Kittell by deed bearing date July 18, 1921, duly recorded in the office of the recorder of deeds. The affidavit concluded with the averment that the lien of this municipal claim was divested by the judicial sale upon the mortgage and ceased to bind the real estate in the hands of the purchaser at the sheriff's sale. It is to be noted that the affidavit of defense did not state the amount for which the property had been sold at the sheriff's sale, nor that the sum thus realized had been

sufficient to pay the municipal claim. It was at the oral argument admitted that the property was sold at the sheriff's sale for $500, that the fund thus realized was applied first to the cost of the writ upon which the property was sold, then to certain tax claims and the balance of the fund was distributed to this municipal lien, but was entirely insufficient to pay the same, and that the city now seeks by this action to recover the balance, for which amount the court below entered judgment. The only question presented is whether the sheriff's sale under the proceedings on the mortgage discharged the lien of the unpaid balance of the municipal claim. The contention of the appellant is that the mortgage having been executed and recorded in 1904 the rights of the parties must be determined under the provisions of the Act of June 4, 1901, P. L. 365, and that under that statute municipal claims were discharged by a judicial sale.

The Act of 1901 has been amended by the Act of May 1, 1907, P. L. 130, the Act of June 20, 1911, P. L. 1076, and the Act of May 28, 1915, P. L. 599. These statutes changed the provisions of the 32nd section of the Act of 1901 so that the law in force at the time the sheriff's sale in this case took place as to the effect of judicial sales, was as follows, viz: "Section 32. The lien of a tax or municipal claim shall not be divested by any judicial sale of the property liened, where the amount due is indefinite or undetermined......nor shall the lien of a tax or municipal claim be divested by any judicial sale of the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge." This is the latest enactment of the legislature as to the effect of judicial sales upon tax and municipal claims. This statute did not attempt to declare the consequences resulting from judicial sales which had taken place before its enactment, but it was the manifest intention of the legislature that it should apply to all sheriffs' sales taking place in the future.

The learned judge of the court below held that these amendments of the Act of 1901 applied to the sheriff's sale in question and that the city was entitled to proceed to collect the balance of its claim. The contention of the defendant is that this involved an impairment of the contract rights of Farren, whose mortgage had been recorded in 1904, in that at that time a sale upon his mortgage would have divested the lien of all municipal claims and the purchaser would have taken the land clear of such liens.

When the mortgage was executed, in 1904, the security of the mortgagee, under the law then existing, was liable to be impaired by tax and municipal claims thereafter lawfully assessed against the property, which would take priority over the claim of the mortgagee in the disposition of the proceeds of any judicial sale of the property: Haspel v. O'Brien, 218 Pa. 146. Had there been no subsequent legislation, the mortgagee, when he proceeded to enforce his claim by a sale of the mortgaged property, would not have been entitled to take anything from the proceeds of the judicial sale until all the tax and municipal claims had been paid. The mortgagee accepted his security with knowledge of the fact that the property was liable to become charged with municipal assessments which would be entitled to priority of payment out of the proceeds of a sale upon the mortgage. "It has never been held that charges upon or estates in land created by the owner thereof can avail as against the taxing power of the Commonwealth. Municipal liens for grading and paving streets are a species of taxation and come within the rule. Such liens bind the entire estate in the land, except where an Act of Assembly directs otherwise. If it were not so, the owner of real estate could wholly defeat the taxing power by charging it with the payment of a sum of money equal to its full value": Bryan's Appeal, 101 Pa. 393. The protection which persons and property receive at the hands

of the government is compensation for any so-called impairment of right: Schoyer v. Comet Oil & Ref. Co., 284 Pa. 189. When the city improved the street upon which the property abutted and caused the land to be assessed in the manner provided by law the municipal claim took priority over the lien of the mortgage and the security of the mortgagee was to that extent impaired. This was but an exercise of the taxing power, in the very manner which Farren knew existed at the time he took the mortgage. The state has the power to tax lands, and exact the full amount of the tax without regard to the manner in which private interests may be thereby affected. The fact that the security of a mortgagee may be diminished because the land is subjected to a tax for public purposes does not impair the obligation of his contract within the meaning of the Constitution: Olyphant Boro. v. Egreski, 29 Pa. Superior Ct. 116. The provisions of the Act of 1915 did not change the established law that a judicial sale divests all liens and turns them over to the proceeds, but qualified the rule only to this extent, that, so far as tax and municipal claims are not reached and paid in full, they shall continue to be a lien. This related only to the remedy for the collection of taxes and municipal claims, which claims, under the pre-existing law, already had the right to priority of payment over the mortgage. This did not impair the security of the mortgagee. It would have been entirely competent for the legislature to enact that tax and municipal claims should not be discharged by any judicial sale, but should remain a lien until paid.

The judgment is affirmed.