## City of Philadelphia, to use, v. Brummer

*Ballard, Spahr, Andrews & Ingersoll,* for plaintiff.
*Scott, Connor & Scott,* for defendant.

SMITH, P. J., September 27, 1945.—This matter comes before the court on a petition by defendant to strike off a judgment and to set aside a sheriff's levy.

On April 29, 1931, a municipal paving claim was filed of record by the then use plaintiff against the premises on the west side of Broad Street, 175 feet 7⅞ inches northeast of 65th Avenue, in the City and County of Philadelphia, State of Pennsylvania. This property is now owned by defendant.

On April 24, 1936, a sci. fa. was issued to revive the lien of the claim and was made known to the real owner. On April 12, 1941, a suggestion of nonpayment and an averment of default were filed of record. On July 9, 1945, a sci. fa. was issued and made known to the owner (present defendant) on July 13, 1945, and the said premises were posted. On August 23, 1945, a judgment in favor of present use plaintiff, Wray Wiley, was entered for want of an affidavit of defense of defendant, and damages were assessed in the sum of $2,510.86. On August 23, 1945, a writ of levari facias was issued, returnable the third Monday of September, 1945, and the petition of defendant was filed.

It is the contention of defendant that the judgment entered as of August 23, 1945, is defective and should be stricken off for the reason that the lien was not revived within a period of five years from the date of the filing of the original claim, by the issuance of a writ of sci. fa. and the entry of a judgment. It is also the contention of defendant that the suggestion of nonpayment and averment of default, filed by use plaintiff as of April 12, 1941, is of no aid to plaintiff since the claim had been destroyed prior to the passage of the Act of May 28, 1937, P. L. 1001.

Two questions here seem to be involved. First, is the issuance of a scire facias sufficient to revive the lien of a municipal paving claim without reducing that

claim to a judgment within a period of five years from the date of the original scire facias? Second, under the laws of this Commonwealth in effect as of April 12, 1941, was a suggestion of nonpayment and an averment of default sufficient to revive the lien of a municipal paving claim where no judgment had ever been recovered on the said claim?

Question no. 1 seems to come within the provisions of the Act of May 16, 1923, P. L. 207. The caption of that act provides when, how, upon what property, and to what extent liens shall be allowed for . . . municipal improvements . . . for the procedure upon claims filed therefor; and the *methods for preserving such liens* (italics ours) and enforcing payment of such claims, etc. Section 15 of the said act of assembly provides the mode of procedure to revive both tax claims and other municipal claims. It is therein provided:

"Such tax, municipal, or other claim, if filed within the period aforesaid, shall remain a lien upon said properties until fully paid and satisfied: Provided, however, That either a suggestion of nonpayment and an averment of default, in the form hereinafter provided, be filed in cases of tax claims, either before or after judgment on the scire facias, and in cases of other than tax claims after judgment on the scire facias, or else a writ of scire facias, in the form herein provided, be issued to revive the same, within each period of five years following—(a) the date on which said claim was filed, (b) the date on which a writ of scire facias was issued thereon, (c) the date on which any judgment was entered thereon, (d) the date on which a previous suggestion of nonpayment and default was filed thereon, or (e) the date on which a judgment of revival was obtained thereon. . . .

"The filing and indexing of such suggestion and averment within five years of filing the claim or the issuing of any writ of scire facias thereon, or of any

judgment thereon, or of the filing of any prior suggestion and averment of default, shall have the same force and effect, for the purposes of continuing and preserving the lien of the claim, as though a writ of scire facias had been issued or a judgment or judgment of revival had been obtained within such period. . . ."

It becomes apparent that, under the provisions of this Act of 1923, there is a difference between the revival of a tax lien and the revival of other municipal claims. In the former it provides for the filing of a suggestion of nonpayment and an averment of default either before or after judgment on the scire facias, and in the latter class of claims, for a writ of scire facias to revive the claim within each period of five years following ($a$) the date on which said claim was filed, ($b$) the date on which a writ of scire facias was issued thereon, ($c$) the date on which any judgment was entered thereon, ($d$) the date on which a previous suggestion of nonpayment and default was filed thereon, ($e$) the date on which a judgment or revival was obtained thereon.

In the case of The City of Philadelphia, to use, v. Deardon et al., 18 D. & C. 268 (1933), Davis, P. J., said (p. 269) :

"The procedure prescribed by the Act of 1923 to revive a claim differs in the cases of tax claims and in cases of other than tax claims after judgment on the sci. fa. Revival of a lien in cases of tax claims is by the issuance of a suggestion of nonpayment and averment of default, regardless of whether judgment has been recovered on the sci. fa. But in all other cases such a suggestion of nonpayment and averment of default should be used only *after* judgment on the sci. fa. To revive the lien of a municipal claim prior to judgment, it provides for the issuance of a writ of sci. fa."

It is evident that the purpose of the Act of 1923 in the matter of municipal claims was to preserve the lien itself without regard to any judgment which may or may not have been secured thereon. For that reason, it was not necessary for the plaintiff to reduce his claim to a judgment so long as the lien was properly preserved. In the case of Borough of Avalon v. Shafer, Executrix, 100 Pa. Superior Ct. 52, Gawthrop, J., as a general proposition of law, stated (p. 57) :

"When a claim is properly filed and duly revived, it is the lien of the original claim which is preserved and not that of an intervening judgment which may have been secured upon it: Phila. v. Cooper, 27 Pa. Superior Ct. 552, 555."

It would thus appear that the reduction of a claim to judgment is not necessary if the municipal lien under the specific provisions of the act of assembly was revived. The claim in the instant case was revived by a writ of sci. fa. on April 26, 1936, less than five years after the original claim had been filed.

It "shall have the same force and effect, for the purposes of continuing and preserving the lien of the claim, as though a writ of scire facias had been issued or a judgment or judgment of revival had been obtained within such period. . . ." Act of 1923, sec. 15 supra.

It would therefore appear that the answer to question no. 1, supra, is that the issuance of a writ of sci. fa., as was done in this case, is sufficient to revive the lien of a municipal paving claim without having first reduced that claim to a judgment within the period of five years from the date of the original filing of the sci. fa.

When the suggestion of nonpayment and averment of default was filed by plaintiff on April 12, 1941, the Act of May 16, 1923, P. L. 207, had been amended by

the Act of June 20, 1939, P. L. 512, which permitted use plaintiff to file a suggestion of nonpayment and averment of default even in cases where claimant had not reduced his claim to judgment. Section 1 of the Act of 1939, amending section 15 of the Act of 1923, provides:

"Provided, however, That either a suggestion of nonpayment and an averment of default, in the form hereinafter provided, be filed either before or after judgment on the scire facias, or else a writ of scire facias, in the form herein provided, be issued to revive the same, within each period of five years following—(a) the date on which said claim was filed, (b) the date on which a writ of scire facias was issued thereon, (c) the date on which any judgment was entered thereon, (d) the date on which a previous suggestion of nonpayment and default was filed thereon, or (e) the date on which a judgment of revival was obtained thereon."

In the case of Borough of Blakely v. Kondracski et al., 44 D. & C., 322 (1942), Eagen, J., stated (p. 323):

"The law covering the revival of municipal liens is basically the Act of May 16, 1923, P. L. 207, particularly section 15. This substantially provides that if a tax, municipal, or other claim be filed within the period provided by the act it shall remain a lien until fully paid and satisfied, 'Provided, however, That either a suggestion of nonpayment and an averment of default, in the form hereinafter provided, be filed in cases of tax claims, either before or after judgment on the scire facias, *and in cases of other than tax claims after judgment on the scire facias,* or else a writ of scire facias . . . be issued to revive the same, within each period of five years following. . . ." (Italics supplied.) Section 15 of the Act of 1923 was subsequently

694

amended by the Acts of May 28, 1937, P. L. 1001, §1; July 2, 1937, P. L. 2808, §2; June 15, 1939, P. L. 354, §2; June 20, 1939, P. L. 512, §1; and finally by the Act of July 28, 1941, P. L. 522, §1.

"It is the opinion of the court that, until the passage of the amending Act of May 28, 1937, P. L. 1001, referred to above, a suggestion of nonpayment and averment of default to continue the lien entered on a municipal improvement, where no judgment had been entered following the issuance of the sci. fa., was ineffective."

We are of the opinion that use plaintiff as of April 24, 1936, properly followed the requirements of the Act of 1923, supra, and that on April 12, 1941, when he filed the suggestion of nonpayment and averment of default, he properly followed the provisions of the Act of 1939, supra.

### Order

And now, to wit, September 27, 1945, the petition to strike off the judgment and set aside the levy is hereby discharged.