Dickson City Borough, Appellant, *v.* Senkosky.

Argued March 1, 1948. Before RHODES, P. J., HIRT, ROSS, ARNOLD and FINE, JJ. (RENO and DITHRICH, JJ., absent).

*Joseph S. Needle,* with him *Needle, Needle & Needle,* for appellant.

· · *A. C. F. Kenowski,* for appellee. · .

OPINION BY RHODES, P. J., July 23, 1948:

This is an appeal from the order of the court below making absolute a rule to strike off a municipal lien. The facts which are not in dispute, may be stated chronologically as follows:

On May 12, 1927, one Frank Senkosky was the owner of a certain property on Lincoln Street in the Borough of Dickson City, Lackawanna County, Pennsylvania. On that date he mortgaged the property to the Polish National Union of America, as security for a loan in the amount of $8,000. On July 12, 1927, Frank Senkosky conveyed the property to Matthew J. Senkosky and Anna Senkosky, his wife, by deed, which was immediately and properly recorded in the office of the Recorder of Deeds of Lackawanna County.

On October 1, 1929, the Borough of Dickson City filed a municipal lien to secure payment of $1,139.16 claimed to be due for construction of a pavement in front of the premises. The lien was filed against Frank Senkosky as owner or reputed owner, and was indexed to No. 522, Year 1929, in the Municipal Lien Docket. On May 9, 1930, Anna Senkosky, wife of Matthew J. Senkosky, died.

On September 29, 1934, the municipality caused a scire facias sur municipal lien to issue to No. 479, November Term, 1934, in the Court of Common Pleas of Lackawanna County, to revive and continue the lien of

the claim. The sheriff returned the writ non est inventus as to the defendant, Frank Senkosky, and added the name of Matthew J. Senkosky as an additional party defendant as the real owner, and served Matthew J. Senkosky at the liened premises, 807 Lincoln Street, on November 14, 1934.

On November 8, 1935, as a result of foreclosure proceedings, the sheriff of Lackawanna County conveyed the premises in question to the Polish National Union of America. The levari facias named Frank Senkosky and Matthew J. Senkosky as defendants.

On September 15, 1939, judgment was taken against Matthew J. Senkosky on the scire facias sur municipal lien issued to No. 479, November Term, 1934, in the sum of $1,845.43.

On September 5, 1944, to No. 522, Year 1929, Municipal Lien Docket, the Borough of Dickson City filed against Frank Senkosky a suggestion and averment to continue the lien of the claim, claiming the amount to be $1,139.16, with interest from May 8, 1929.

On or about March 10, 1947, the Polish National Union of America, as owner of the property which it had purchased at sheriff's sale, filed a petition to strike the alleged municipal lien from the record. A rule was granted and, following the filing of supplemental petitions and answers, and after argument thereon, the court below made absolute the rule to strike the lien from the record. The municipality has appealed, and the mortgagee-purchaser is the appellee.

In our opinion the lien of the municipal claim was valid as against appellee, the Polish National Union of America, and should not have been struck off. Municipal claims and liens acquired thereunder are creatures of statute, and of course strict compliance is necessary if the lien of the claim is to be upheld. *Borough of Avalon v. Shafer,* 100 Pa. Superior Ct. 52, 56, 57. Although a municipal lien is essentially an action in rem, we have

held that the requirement of the statute, section 10 of the Act of May 16, 1923, P. L. 207, as amended, 53 PS § 2030, that the name of the owner of the property be set forth is mandatory. *Blairsville Borough v. Donatelli et al.*, 123 Pa. Superior Ct. 51, 186 A. 247; *St. Clair Savings & Trust Co., for use, v. Groeschel et ux.*, 137 Pa. Superior Ct. 1, 8 A. 2d 466.

The original claim filed on October 1, 1929, by appellant did not name the then record owners, Matthew J. Senkosky and Anna Senkosky, his wife. However, the sheriff, under the scire facias issued September 29, 1934, to revive and continue the lien, did add the name of the then sole owner, Matthew J. Senkosky, to the writ, and service was made upon him at his residence on the liened premises. Section 18 of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS § 2038, expressly authorizes the sheriff to add all persons found in possession of the property as defendants in the writ. Section 18 also provides that service of such writ may be made at any time within three months from the date on which it was issued. Service upon Matthew J. Senkosky was made November 14, 1934. It is well settled that where there are no intervening rights, the claim, lien, or writ of scire facias may be amended so as to conform with the requirement of the act. Section 34 of the Act of May 16, 1923, P. L. 207, 53 PS § 2054; *Spramelli v. Boro. of Punxsutawney*, 102 Pa. Superior Ct. 557, 157 A. 522; *Philadelphia v. Sulzer's Estate*, 342 Pa. 37, 20 A. 2d 233; *Philadelphia, to use, v. Kehoe*, 22 Pa. Superior Ct. 320.

The lien in the present case, therefore, was a valid and existing lien at the time appellee foreclosed on its mortgage and purchased the property at its own foreclosure sale.

The appellee does not contend that sale by the sheriff on foreclosure and purchase by it as mortgagee discharged the municipal claim or lien, assuming it to have been valid at the time of the foreclosure and sale. See

*City of Johnstown v. Dibert,* 88 Pa. Superior Ct. 117; *City of New Castle v. Whaley's Heirs et al.,* 102 Pa. Superior Ct. 492, 157 A. 503; section 31 of the Act of May 16, 1923, P. L. 207, 53 PS § 2051; *McDonald Borough v. Davidson et al.,* 128 Pa. Superior Ct. 38, 42, 193 A. 472. In the present case, the municipality alleges in its answer, and it is not denied, that the proceeds of the sheriff's sale on foreclosure were not sufficient to pay the municipal lien in question. Under these circumstances, it may be assumed that the sheriff's sale on foreclosure did not discharge the municipal lien. On this point the present case is distinguishable from *St. Clair Savings & Trust Co., for use, v. Groeschel et ux.,* supra, 137 Pa. Superior Ct. 1, 8 A. 2d 466, where the lien and claim did not attach within the five-year period, so that the mortgagee's assignee there prevailed over the municipality. Appellee's rights rose no higher than those of the owner, in this respect, and the appellee accordingly took the property subject to any valid existing municipal liens. Cf. *Erie v. Piece of Land,* 339 Pa. 321, 325, 14 A. 2d 428; *City of Johnstown v. Dibert,* supra, 88 Pa. Superior Ct. 117.

The scire facias issued September 29, 1934, wherein the name of Matthew J. Senkosky was added to the writ as owner, was reduced to judgment within five years, viz., on September 15, 1939, and the lien continued as a valid and existing lien against the property.

The question arises as to whether the suggestion of nonpayment and averment of default filed September 5, 1944, to No. 522, Year 1929, Municipal Lien Docket, were effective to continue the claim as a valid lien against the property. The court below held that this suggestion and averment were not effective because they referred to the original claim rather than to the revived claim. It is in this respect that we differ with the court below as we are of the opinion that there was a compliance with the statutory requirement.

Section 15 of the Act of 1923 was amended (Act of May 28, 1937, P. L. 1001, and later acts, 53 PS § 2035) so as to make the filing of the suggestion and the averment, within the five-year periods therein defined, an effective method of continuing the lien. Section 15, 53 PS § 2035, provides, inter alia, as follows: "Such tax, municipal, or other claim if filed within the period aforesaid, shall remain a lien upon said properties until fully paid and satisfied: Provided, however, That either a suggestion of nonpayment and an averment of default, in the form hereinafter provided, be filed either before or after judgment on the scire facias, or else a writ of scire facias, in the form herein provided, be issued to revive the same, within each period of five years following— . . . (c) the date on which any judgment was entered thereon, . . . or (e) the date on which a judgment of revival was obtained thereon. The suggestion and averment shall be in the following form, under the caption of the claim: . . ." The purpose of the amendment of 1937 and later amendments to section 15 of the 1923 Municipal Lien Act was to make applicable the same procedure to municipal claims or liens as to tax claims or liens in respect to the filing of a suggestion of nonpayment and averment of default. *City of Philadelphia, to use, v. Brummer,* 54 Pa. D. & C. 688.

The body of the suggestion and the averment in the present case followed exactly the form prescribed by the statute. Apparently they were filed under, and referred to, the original claim of October 1, 1929, indexed to No. 522, Year 1929, in the Municipal Lien Docket. Section 15 of the amended Act, quoted supra, states that "The suggestion and averment shall be in the following form, under the caption of the claim." The statute goes on to say: "The prothonotary is hereby directed to enter this suggestion and averment on the municipal lien or the proper docket of the claim, and also to index it upon the judgment index and on the locality index of the court,

for the purpose of continuing the lien of the claim." See Hecht, Law of Municipal Claims and Tax Liens against Real Estate in Pennsylvania, p. 118. The suggestion and averment were entered upon the municipal lien docket and on the locality index.

"When a claim is properly filed and duly revived, it is the lien of the original claim which is preserved and not that of an intervening judgment which may have been secured upon it: Phila. v. Cooper, 27 Pa. Superior Ct. 552, 555": *Borough of Avalon v. Shafer,* supra, 100 Pa. Superior Ct. 52, 57. Here the original claim filed October 1, 1929, became valid by reason of the addition of the name of the owner within the first "five-year" period as defined by the statute (allowing three months additional to serve the owner), and appellee acquired no intervening rights up to the time the lien became valid. Cf. *Spramelli v. Boro. of Punxsutawney,* supra, 102 Pa. Superior Ct. 557, 157 A. 522; *Philadelphia v. L. Tanner & Company et al.,* 151 Pa. Superior Ct. 177, 30 A. 2d 216. It was sufficient that the suggestion and averment referred to and identified the original claim. Under the circumstances of this case, there was no requirement that the suggestion and averment name the owner of the property at the time the suggestion was filed. As we view it, the statute and its amendments were complied with in this case, and the lien in question was valid as against appellee which bought at its own foreclosure sale. No intervening rights are involved. See *Erie City v. Willis,* 26 Pa. Superior Ct. 459, 464.

The order of the court below is reversed, and the lien reinstated.