## Fox Chapel Borough v. Schoenberger

*Clyde A. Armstrong*, borough solicitor, and *Thorp, Reed & Armstrong*, for plaintiff.

*Parker, Evashwick & Brieger*, for defendant.

WEISS, J., July 17, 1956.—This case involves municipal claims for sewer assessments entered against defendants, Ulrich Schoenberger, Charles L. Woolridge, Jr., and Kathleen S. Woolridge, his wife, and the Aspinwall Delafield Company in the amounts of $191.82, $127.82 and $191.82, respectively. Liens were entered on April 22, 1938, against each of the above

defendants; and the Schoenberger and Woolridge properties in question were conveyed to defendant, Aspinwall Delafield Company, and the deeds therefore duly registered on April 1, 1939. The Aspinwall Delafield Company conveyed all three of the properties to Lucielle Sturgeon by deed dated March 24, 1943, said deeds not being duly registered as recorded until May 29, 1943. The municipal liens had expired on April 22, 1943. On August 28, 1943, the said liens were revived under an enabling act (Municipal Lien Act of May 16, 1923, P. L. 207), naming only the original owners, i.e., Ulrich Schoenberger, Charles L. Woolridge, Jr., and Kathleen S. Woolridge, his wife, and Aspinwall Delafield Company. Again, under another enabling act (Act of April 20, 1949, P. L. 647), on May 17, 1949, the same liens were revived, naming only the original owners.

On March 22, 1954, the liens were again revived against the original owners. On August 25, 1955, Lucielle Sturgeon conveyed said property to George Weaver et ux., the present owners of the property and petitioners herein, by deed duly registered on September 6, 1955. Said lien constitutes a cloud on the title of petitioners, which they seek in these proceedings to remove.

The question presented upon the petition to strike off these municipal claims is, where a municipal claim for a sanitary sewer assessment is properly entered against a registered owner, and thereafter a conveyance is made to a new owner by deed dated while said lien is still in force and in effect, but registered while the lien is no longer in force or effect, may the municipality revive said lien under an enabling act naming the original owner only in the suggestion of nonpayment and averment of default filed.

It appears from the petitions that the liens of the

municipal claims in each of the three proceedings were valid and subsisting against the respective tracts of land *at the time title thereto was conveyed to petitioners'. predecessor*, so that none of said liens had expired prior to the only transfer of ownership which is material to this case. The only issue in these cases is whether the liens of the municipal claims were properly revived; there being no question whatever concerning the propriety of filing the claims in the first instance. Nor is this a case where the property was encumbered or conveyed while the liens had lapsed. Petitioners challenge the revival of the liens pursuant to the enabling acts in effect at the time of the revivals on the ground that petitioners' predecessor was not named in the suggestions and averments of nonpayment. It is the opinion of this court that the law imposes no such requirement.

Such a conclusion is supported in the case of Dickson City Borough v. Senkosky, 162 Pa. Superior Ct. 612. In that case a municipal lien had been filed and, after a conveyance of the property, the lien was revived by filing of a suggestion and averment of nonpayment, which named the original owner only and did not name the current owner. The new owner claimed that the filing of the suggestion and averment of nonpayment was ineffective to continue the municipal lien as a valid lien for the same reason advanced by petitioners herein. The Superior Court concluded that it is not required that a suggestion and averment of nonpayment name the owner of the property at the time of the filing of the suggestion and averment, the court stating, on page 618:

". . . It was sufficient that the suggestion and averment referred to and identified the original claim. Under the circumstances of this case, there was no requirement that the suggestion and averment name

the owner of the property at the time the suggestion was filed. As we view it, the statute and its amendments were complied with in this case, and the lien in question was valid as against appellee which bought at its own foreclosure sale. No intervening rights are involved. See Erie City v. Willis, 26 Pa. Superior Ct. 459, 464."

None of the cases cited by petitioners holds to the contrary. All the cases cited by petitioners except one deal with the problem of filing tax liens and municipal claims, not with the revival of one already filed. Only the case of Borough of Blakely v. Kondracski, 44 D. & C. 322, determined the effectiveness of a revival of a municipal lien. The court held that the lien of a municipal claim was lost in 1936 and at that time the owner of the property was one Longo who continued to own the property at the time of the court's decision. It was concluded that lien could be properly revived because the original owner against whom it was assessed continued to own it at the time of the 1941 enabling act. Very clearly, the result of this case gives no support to petitioners' contentions herein.

It is important to note in these cases that the deeds of petitioners' predecessor, and petitioners' deed disclosed that in each instance, title was taken with full knowledge of the existence of the liens of record that are involved in these proceedings. In the first instance, petitioners' predecessor agreed to discharge the liens as a part of the consideration for her purchase, and when she conveyed to petitioners, it was agreed that the amount of the liens would be deducted from the purchase price at the time of settlement, provided the liens were valid. If petitioners had chosen to pay the full consideration on the assumption that the liens were not valid, they have acted on their own responsibility and are not entitled to the extraordinary relief

which they seek on any ground of hardship or lack of notice.

Petitioners argue that the first attempted revival of the liens was ineffective because the liens had been lost before the conveyance to petitioners' predecessor. This argument has no merit since petitioners aver that the real estate in question was conveyed to their predecessor on March 24, 1943, and that the liens expired nearly a month later, on April 22, 1943. For petitioners argument to have any merit, it would be necessary for this court to disregard the fact of the conveyance by deed dated March 24, 1943, and to hold that the transfer of title did not occur until the deed was recorded or registered. Certainly, to provide protection for purchasers of real estate, such a result would not be necessary. Obviously, on the date when the deeds show the conveyances took place, the liens were valid and effective, and at that time the purchaser had full knowledge that such encumbrances existed.

For the reasons outlined above, the petition will be refused and an order will be drawn accordingly.

### Order

And now, to wit, this July 17, 1956, after oral argument before the court en banc and a consideration of the briefs submitted in behalf of the parties, it is hereby ordered, adjudged and decreed that the motion of petitioners, W. George Weaver et ux., to strike off the liens of the municipal claims as recited in their petition be and is hereby refused.

Eo die exception noted to petitioners, W. George Weaver et ux., and bill sealed.