Blairsville Borough, Appellant, *v.* Donatelli et al.

Argued April 17, 1936.

52

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ. 

*J. Charles Short,* for appellant.

*Peelor & Feit,* for appellees, submitted a brief.

OPINION BY BALDRIGE, J.; July 10, 1936:

This is an appeal from the order of the learned court below making absolute a rule to strike off a municipal lien.

The facts, which are not in dispute, may be briefly stated, as follows:

On April 2, 1928, the borough of Blairsville filed a municipal paving claim, naming D. Donatelli as owner or reputed owner, for the sum of $290.04, with interest from October 20, 1927. The property against which the lien was filed was described as follows: "Bounded on the north by Artley Alley; on the east by an alley; on the south by property of Joseph Prola; and on the west by South Liberty Street; and fronting 91.3 feet, more or less, on South Liberty Street." The lien was entered in the locality index, as provided by section 26 of the Act of May 16, 1923, P. L. 207 (53 PS §2046).

The record title to the property was then, and since 1919 had been, in the name of Emile Donatelli, who had given a mortgage to the Conemaugh Building and Loan Association of Blairsville, which was recorded February 3, 1921.

In 1930 the association caused an execution to be issued against the property and purchased it at sheriff's sale for an amount insufficient to pay the municipal lien. Shortly thereafter the association conveyed the premises to M. S. Nakles and Mary Nakles, his wife, who duly recorded their deed.

Subsequently, the borough of Blairsville issued a praecipe for a scire facias to revive its lien, naming D. Donatelli, defendant, and M. S. Nakles and Mary Nakles, terre-tenants. A rule was granted on the petition of the terre-tenants to show cause why the lien and the scire facias should not be quashed and stricken from the record, to which an answer was filed. The court, after argument, found that the terre-tenants had purchased the property without either actual or constructive notice of the lien, and made the rule absolute. This appeal followed.

Section 1 of the Act of 1923, supra (53 PS §2021), defines "owner," as follows: "The word 'owner,' as used in this act, means the person or persons in whose name the property is registered, if registered according to law, and, in all other cases, means any person or persons in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, if any, or the reputed owner or owners thereof in the neighborhood of such property." Section 10 (53 PS §2030) provides that the "claim shall set forth: ...... 2. The name of the owner of the property against which it is filed."

The appellant concedes that D. Donatelli was not the record owner and it was not contended that he was the reputed owner, in open, peaceable, and notorious possession of the property. It is thus apparent that the com-

mands of the statute, which were expressed in clear and unambiguous language, were disregarded.

The appellant insists that the lien was valid, notwithstanding it did not set forth the right name of the owner; that this is a proceeding in rem; that the property against which the claim was filed was sufficiently described and clearly identified; and that the lien was entered in the locality index in compliance with section 26 of the Act of 1923 (53 PS §2046), which provides that it shall be the duty of the prothonotaries of the courts of common pleas to keep a locality index, and, upon a written order, to give a certificate of search for a fee of 25 cents.

It appears in the locality index of the third ward of the borough of Blairsville that a municipal lien was filed and that D. Donatelli was named the owner or reputed owner. No dimensions of the property were given. The description thereof was confined to giving the boundaries, as follows: "N. by Artley Alley, E. by Alley, S. by Joseph Prola, W. by S. Liberty St." It will be observed that part of this information, that is, the name of the owner, was wrong and the rest was rather indefinite. Such an entry in this locality index did not cure or correct a fatal omission in the claim. Notwithstanding the borough of Blairsville had no system of land registration, the borough authorities, with very little effort, could have ascertained, by inquiring who was in possession of, or, from the records, who had title to, this property, and set forth this information as the law requires. Then the searchers of the record would have had proper notice of the encumbrance. It must be borne in mind that the purpose of recording and indexing any instrument which affects the title to real estate is to give correct information respecting liens: *Prouty v. Marshall*, 225 Pa. 570, 74 A. 550.

We can but conclude that the borough's present situation is entirely due to the laxity of its representatives.

In *Spramelli v. Boro. of Punxsutawney*, 102 Pa. Superior Ct. 557, 157 A. 522, a municipal claim was filed against "Antonio Spinelli," instead of the real owner, his wife, Antonia Carille Spramelli (Spinelli). The borough, realizing its error, asked the court for authority to amend the lien by making the proper party a defendant. This request was refused and the lien was stricken from the record. In reversing, we held that the amendment should have been allowed under section 34 of the Act of 1923, supra (53 PS §2054), which provides that amendments, if made in time, "shall be of right, saving intervening rights."

Here, no effort was made to amend as the appellant, no doubt, knew it would be unavailing, as the rights of innocent purchasers, who had neither constructive nor actual notice of the claim, were involved.

In *Apollo Boro. v. Clepper*, 44 Pa. Superior Ct. 396, a municipal claim was filed against "Mrs. Lizzie Clepper, owner or reputed owner, or whoever may be the real owner." While her correct name was Nancy E. Clepper, it was shown that she was generally known in the neighborhood where she resided as Mrs. Lizzie Clepper. The lien was not entered in the locality index, as provided by section 27 of the Act of June 4, 1901, P. L. 364, then in force (now section 26 of the reenacted statute of 1923, supra), as no such docket had been provided or kept for that purpose in that county. The lower court held that as this was a proceeding in rem, the land being the debtor for the claim, it was not required to be filed against the true owner; that it was not necessary to make any record of the lien in a locality index, or for the prothonotary to have such a record, and therefore sustained the lien. This court reversed, holding that the provision of section 27 of the Act of 1901 is mandatory. Although Judge ORLADY emphasized the importance of abiding by the locality index law, in the course of his opinion, he said (p. 399) : "It (the lien) may be

filed against the reputed owner; and this because the mention of the owner at all is requisite only as descriptive of the land, which is debtor to the assessment. The requisition that the claim shall state the name of the owner or reputed owner is the same as is made by the Act of 1836, relating to the claims of mechanics and material men, under which it has been held that it is not necessary to set forth the name of the real owner, and the same principle has been held applicable to municipal liens." This court definitely recognized that either the name of the owner or reputed owner must be correctly stated.

Neither these cases nor the others called to our attention by appellant hold that the requirement of the Act of 1923, supra—that the name of the owner shall be set forth—is not obligatory. We cannot conceive of any reason for including such a provision in a statute if not intended to be enforced.

The cases cited dealing with registration of property in cities have no application, as there was no act at the time this claim was filed requiring property located in Blairsville to be registered.

We are in accord with the action of the learned court below.

Decree is affirmed, at appellant's costs.