St. Clair Savings and Trust Company, for use, et al. *v.* Groeschel et ux. (et al., Appellant).

Argued May 1, 1939.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*Harry C. Beschel,* with him *Anne X. Alpern,* Assist-
ant City Solicitor, and *Wm. Alvah Stewart,* City Solic-
itor, for appellants.

*Francis A. Wolf,* with him *James J. Dillon,* for ap-
pellees.

OPINION BY HIRT, J., September 27, 1939:

On December 3, 1925, certain real estate was con-
veyed to defendants Conrad Groeschel and Johanna
Groeschel, husband and wife, and the deed was duly
recorded. It must also be conceded that this deed was
registered in the deed registry office of Allegheny
County. On October 27, 1926, the defendants gave a
mortgage for $5,000, a first lien on this real estate,
to St. Clair Savings and Trust Company which was
later assigned to use plaintiffs. On February 25, 1930,
the City of Pittsburgh filed a municipal lien in the name
of "Conrad Groetschel et ux." for municipal improve-
ments assessed against the land. The lien was indexed

in the name of Conrad Groetschel alone. The name of Johanna Groeschel, one of the owners, was omitted both from the record of the lien and from the index. On the day of filing the lien a writ of scire facias was issued thereon, but this writ was served on Conrad Groeschel only, and on January 11, 1935, the City took judgment thereon against him alone.

On June 17, 1934, use plaintiffs, the owners of the mortgage, entered judgment on the accompanying bond, and on August 13, 1935, issued a writ of fieri facias on which the sheriff sold the premises to use plaintiffs for $722.62. The amount for distribution after paying costs and taxes is $593.62. This balance is claimed by the City of Pittsburgh in satisfaction of its municipal lien, and the question of its right to the fund is the subject of this appeal.

The land was registered in the names of Conrad Groeschel and Johanna Groeschel. The Act of May 16, 1923, P. L. 207, sec. 10, as amended, 53 PS 2030, prescribes the requirements of a valid municipal lien. Among them it is provided that the claim shall set forth "the name of the owner of the property against which it is filed." The same Act, 53 PS 2021, defines the word "owner" to mean "the person or persons in whose name the property is registered." The lien was filed in the name of Conrad Groetschel et ux. The name of the wife did not appear, and that of the husband was misspelled. Here "the commands of the statute, which were expressed in clear and unambiguous language," were disregarded. This requirement that the names of the owner shall be set forth is mandatory: *Blairsville Boro v. Donatelli*, 123 Pa. Superior Ct. 51, 186 A. 247.

A scire facias was issued on the lien as entered, but the wife was never served and judgment was never taken against her, and from the record it is clear that from February 25, 1930, to the time of the sale by the sheriff on September 9, 1935, a period of more than five years, there was no attempt made to amend the record

to include the name of the wife as an owner, nor was there any proceeding instituted to revive the lien as to her. The city might have amended its claim under the Act of April 20, 1927, P. L. 320, 53 PS 2132, by adding the name of the wife defendant, while she was still an owner of the property, and when amended could have revived it to preserve the lien, thus making the lien enforceable as to the wife. Since the lien was not so amended to include both owners and was not revived within the period of five years immediately preceding the sale on the mortgage, the city's claim as to the wife defendant was wholly lost as a lien upon the land: Act of May 16, 1923, P. L. 207, 53 PS 2035.

The rights of the use plaintiff as purchaser at the sheriff's sale depended upon the record of liens against the property at the time of the sale. "The importance of a fixed rule by which bidders at a sheriff's sale may be guided and the rights of purchasers determined has been uniformly recognized and upheld in our cases. The purchaser was not bound to look beyond the record, and was not affected by, and could not affect others by, anything beyond it ...... He (the purchaser) had a right, in the absence of notice, to assume that the liens were as they appeared upon the record, and the judgment docket was the criterion :" *C. T. Co. Tr., v. L. D. A. Corp. K. W. Moore,* 299 Pa. 117, 149 A. 165.

Husband and wife were the owners of the land, and as such were tenants by the entirety, and an estate by entirety is exempt from execution and sale at the suit of a creditor of either owner separately: *Beihl v. Martin,* 236 Pa. 519, 84 A. 953. The city's claim was a lien upon the land as to the husband alone. A sale upon the municipal lien, therefore, would have been a nullity as to the defendant wife and would have passed no title: *Alles v. Lyon,* 216 Pa. 604, 66 A. 81. On the same principle the city's right to the fund can rise no higher than its right to enforce payment out of the land, and it therefore has no enforceable claim on the fund.

**Judgment affirmed.**