## Lancaster County v. Rose et al.

*W. G. Johnstone, Jr.*, for plaintiff.
*Charles L. Miller*, for defendants.

SCHAEFFER, P. J., April 2, 1948.—This is a rule to strike off an amended tax lien filed by the County of Lancaster on June 11, 1947. There is no dispute as to the facts as stated in the petition and answer. On December 31, 1936, the County of Lancaster filed a municipal claim for unpaid county taxes for 1933 in the sum of $24.78 against Frank and Vivian Unger for premises No. 246 East Orange Street, Lancaster, Pa.

J. Stanley Rose has been the owner of the property continuously from 1925 to the present time. He converted the property into bachelor apartments and employed Harry W. Butts to manage and collect the rents and to pay all operating and maintenance expenses including taxes. Harry W. Butts is now incapacitated and it appears that his records for 1933 are not avail-

able. There is no proof of the payment of the 1933 county tax in question. Subsequently, on December 31, 1941, the tax lien was revived by suggestion against Frank and Vivian Unger. Later, on December 31, 1946, the lien was again revived by suggestion against Frank and Vivian Unger with notice to J. Stanley Rose. Frank and Vivian Unger have not been owners of the premises at any time and the property was assessed erroneously in their names for the 1933 county tax. There is no evidence as to any mortgage or judgment recorded or entered subsequent to the original tax lien and previous to the filing of the amended tax lien.

The tax lien in controversy was originally filed pursuant to the Municipal Lien Act of May 16, 1923, P. L. 207, as amended, 53 PS §2030, which provides that the claim shall set forth "the name of the owner of the property against which it is filed". In St. Clair Savings and Trust Co., for use, et al. v. Groeschel et ux., 137 Pa. Superior Ct. 1, 3, it is said: "This requirement that the names of the owner shall be set forth is mandatory." It is apparent that the tax lien as originally filed and revived was defective for the year 1933. However, an amended tax lien was filed on June 11, 1947, in accordance with the Act of May 26, 1943, P. L. 622, 53 PS §2137, which provides as follows:

"Whenever heretofore or hereafter any tax lien is or shall be defective, by reason of error in the name or names of the registered owner or owners thereof, . . . the taxing authority or anyone authorized by law to enter such tax lien, shall have the right to file an amended tax lien so that the correct name or names of the registered owner or owners . . . shall appear therein, and upon the filing of the amended tax lien, such lien is hereby declared to be valid to all intents and purposes and such liens may be enforced as in the case of liens entered or filed in the name or names of the proper registered owner or owners and with a correct description of the property: Provided, however, That

this act shall not apply to any property where change of ownership has occurred previous to the filing of the amended tax lien and such amended tax lien shall not take priority over any mortgage or judgment recorded or entered subsequent to the filing of the original tax lien, but previous to the filing of the amended tax lien."

It is the contention of the petitioner, or owner of the property, that the various acts of assembly including the Act of 1943, supra, permitting the correction of error in the name or names of the registered owner, do not extend the period for filing an amended or corrected tax lien beyond the three-year period fixed by the Act of May 16, 1945, ·P. L. 592, 53 PS §2029. Petitioner argues that the tax lien was amended more than 10 years after the statutory period for filing valid liens had expired. The Act of May 16, 1945, P. L. 592, supra, provides that claims for taxes must be filed on or before the last day of the third calendar year after that in which the taxes are first payable. In the instant case the tax lien was filed within such three-year period and revived thereafter. However, petitioner contends that it was an invalid lien because it failed to name the correct or registered owner of the premises.

The court is of the opinion that the three-year period referred to for filing the tax lien does not limit to the same period of time the amendment of a defective tax lien. In School District et al. v. Congregation of Third Presbyterian Tr., 78 Pitts. L. J. 725, a tax lien was entered for the 1919 tax in 1922 and the petition for amendment was not filed until 1929. It was decided that under an earlier Act of April 20, 1927, P. L. 320, the common pleas court has the power to amend and correct a tax lien, when the lien is defective as to the name of the registered owner or description of the property, on petition filed at any stage of the proceedings, provided such lien shall only be so corrected where the property is still in the ownership of the owner at

the time said lien was filed, or his heirs, devisees or donees. The case of City of Pittston v. Kenney, 31 Luz. 330 (1937), cited by petitioner, is distinguishable because the property had been sold without actual or constructive notice of the existence of the tax lien which had been erroneously entered against Kearney instead of Kenney. In a similar case, Hazleton City School District v. Hazleton Silk Co., 34 Luz. 301 (1940), the property had been sold after the lien was erroneously entered. In Blairsville Borough v. Donatelli, 123 Pa. Superior Ct. 51, 55, it is said:

"Here, no effort was made to amend as the appellant, no doubt, knew it would be unavailing, as the rights of innocent purchasers, who had neither constructive nor actual notice of the claim, were involved."

In the case at bar there has been no change of ownership from the time the tax was due and payable until the present time. The Act of May 26, 1943, P. L. 622, supra, provides that the amended tax lien may be filed until a "change of ownership has occurred". This act has been complied with.

Petitioner further contends that the Act of 1943, supra, is unconstitutional because the title gives no notice of an extension of time for curing a defective lien. The title of the act is as follows: "Providing for the validation and amendment of defective tax liens heretofore or hereafter entered of record; repealing inconsistent legislation." In Rohrer v. Milk Control Board, 322 Pa. 257, 281, it is said: "The title need not be an index to the contents. Whatever is reasonably germane to the subject-matter in the title may be included in the statute." The court concludes that the Act of May 26, 1943, P. L. 622, supra, is not unconstitutional because of its title.

And now, April 2, 1948, the rule to strike off the amended tax lien filed on June 11, 1947, in the prothonotary's office of Lancaster to page 353, Municipal Lien Docket 34, for $24.78, is discharged.