## City of Hazleton v. Forte

Before Valentine, P. J., Aponick and Pinola, JJ.

*Conrad A. Falvello* and *Rocco C. Falvello*, for petitioner.

*Frank J. Fierro* and *George I. Puhak,* for City of Hazleton.

PINOLA, J., January 26, 1949.—We have before us the petition of Rocco C. Falvello, owner of Lot No. 10, Square 206, in the thirteenth ward of the Diamond Addition, with dwelling thereon known as no. 965 North Church Street, Hazleton, asking that the tax, sewer and paving liens filed by the City of Hazleton to the above numbers and terms be stricken off, because the taxes were assessed against John Forte, who, at the time, was dead, and because the paving and sewer liens filed above were filed against John Forte who at the time owned the property jointly with his wife, Josephine Forte, as tenants by the entireties.

The city filed an answer and thereafter, at the suggestion of the court, counsel entered into a stipulation of agreed facts, filed to no. 4973, January term, M. L. D., 1940, as follows:

1. That the City of Hazleton under date of January 28, 1916, duly passed an ordinance requiring the registration of deeds for the transfer of property in the City of Hazleton, Pa., by having the city engineer keep books, etc., of said transfers and requiring the engineer to stamp the deeds before they can be recorded by the Recorder of Deeds of Luzerne County; this ordinance also requires the recorder to refuse to record any deed without the stamp of approval of the city engineer.

2. That the ordinance was not enforced and no records were kept by the city engineer as required by the ordinance until on or about March 1, 1940.

3. That the recorder of deeds received notice from the City of Hazleton, Pa., sometime in March of 1946, instructing the recorder of deeds not to record any deed for the transfer of property in Hazleton unless the deed contains the stamp of approval by the city engineer.

4. That under date of March 31, 1924, John Forte and his wife, Josephine Forte, purchased Lot No. 10,

Square 206, in the Diamond Addition to the City of Hazleton, Pa., and that this deed was duly recorded in the office for the recording of deeds in and for Luzerne County, Pa., on April 17, 1924.

5. That John Forte died on February 29, 1934, leaving to survive him his widow, Josephine Forte.

6. That under date of May 4, 1948, Josephine Forte, widow, did sell and convey the property to Rocco C. Falvello, which deed was registered by the City Engineer of Hazleton and then duly recorded in the office for the recording of deeds in and for Luzerne County, Pa., in Deed Book Vol. 1002, at page 163, under date of September 25, 1948.

7. That the liens for unpaid taxes were filed by the City of Hazleton marked to the above M. L. D. numbers against John Forte subsequent to his death in February 1934; the unpaid taxes being for years subsequent to his death. The taxes were never entered of record against Josephine Forte, surviving tenant of the entireties.

8. That the property was sold for unpaid county taxes to the Luzerne County Commissioners by Luzerne County Treasurer at treasurer's sale no. 248, held on April 28, 1942; that the treasurer's deed is recorded in the Prothonotary's Office of Luzerne County, Pa., in Deed Book Vol. 29, at page 257.

9. That the Luzerne County Commissioners have accepted full payment of all taxes, penalties and costs of and from Rocco C. Falvello, in redemption of the property, under date of January 18, 1949.

10. That the property has been carried in the Hazleton City registry in the name of John Forte alone since on or about March 1940.

The information concerning the paving and sewer liens is available from the records.

We will consider the tax liens first.

Petitioner contends that these are all void because they are not entered against the real owner of the premises, who was the widow, Josephine Forte.

The city contends that the liens are valid because the taxes were assessed and the liens filed against John Forte whose name appeared in the real estate registry of the City of Hazleton as the owner of the property since 1940. This system was not installed until February 1940, and therefore, the argument of the city would apply only to taxes for the years 1940 to 1944, inclusive, and the tax liens, supra, except the one filed in 1943. The argument of the city would not apply to the lien filed in 1943 because it is for the 1939 taxes.

The city contends also that the present owner of the property is the County of Luzerne, the commissioners having purchased it at a tax sale held April 28, 1942, and, therefore, petitioner is without standing to question the liens. Since the argument the county commissioners have permitted petitioner to redeem the property by payment of all county taxes.

Taking up the first defense:

Section 10 of the Municipal Lien Act of May 16, 1923, P. L. 207, as amended, 53 PS §2030, provides that the tax claim shall set forth, inter alia, ". . . the name of the owner of the property against which it is filed."

The word "owner" is defined in section 1 of the Act of 1923, as amended by the Act of April 30, 1929, P. L. 902, 53 PS §2021, as follows:

"The word 'owner', as used in this act, means the person or persons in whose name the property is registered, if registered according to law, and, in all other cases, means any person or persons in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, if any, or the reputed owner or owners thereof in the neighborhood of such property."

Counsel insists that by "registered" the act means registered in the city registry. This is not correct. President Judge Valentine held in Central Poor District v. Hershberger, 34 Luz. 381, that "the word 'registered' used in this section of the Act is equivalent to the word 'recorded' ". In that case three of the five properties conveyed were situate in the City of Wilkes-Barre where a real estate registry was in effect.

While The Third Class City Law of June 23, 1931, P. L. 932, secs. 1515-1520, 53 PS §§12198-1515 to 1520, inc., requires the city to set up a real estate registry and while it requires all owners of unregistered real estate to furnish descriptions of their respective properties, and, at the same time, present their conveyances to be stamped by the city engineer, any person neglecting or refusing to comply with this provision is subject only to a penalty of $5.

Section 1517 of that act (53 PS §12198-1517) requires the engineer to preserve the records in the registry office and to show the ownership of every piece of property within the city limits. And while it provides also: "but nothing herein or in this article shall invalidate any municipal or tax claim by reason of the fact that the same is not assessed or levied against the registered owner"; there is no provision, however, authorizing the city or the school district to rely upon the registration as the source of the name of the owner.

In our opinion, all the liens filed are void because the requirement of section 10 of the Act of 1923 is mandatory.

A lien filed against land registered in the names of husband and wife was held defective where the name of the wife did not appear in the claim: St. Clair Savings & Trust Company, for use et al. v. Groeschel et ux., 137 Pa. Superior Ct. 1.

In Hazleton City School District v. Boyle, 39 Luz. 48, tax liens were filed against Mary Boyle, who, at the time, was deceased. Her will had been probated and showed that the real owner was Hannah Kennedy. Valentine, P. J., struck off the tax liens, saying:

"Under the Act of May 16, 1923, as amended . . . the liens should have been entered against her. . . . Moreover we know of no law which permits a lien to be entered against a deceased person. Liens Nos. 2638, January Term, 1936, and 326, January Term, 1937, were not only entered after Mary Boyle's death, and after her will had been duly probated, but represent taxes assessed after her decease."

In that case, the solicitor for the Hazleton City School District, the late Richard Bigelow, made the same argument which the city solicitor now makes, namely, that the city had the right to rely on the name found in its real estate registry office as that of the owner of the property in question. He said in his brief:

"The City of Hazleton has a registration book in which all transfers of property are kept and at the time the tax was assessed it would appear by reference to that registration that Mary Boyle was the registered owner. The fact that Mary Boyle was the registered owner of the property at the time the tax was assessed is to me the important thing in this case and the lien was filed against her as the owner of the property at the time of the assessment and a search against her would have disclosed the existence of the liens."

President Judge Valentine disregarded the argument entirely and we believe that he did so properly.

In Dickson City Borough v. Senkosky, 162 Pa. Superior Ct. 612, President Judge Rhodes said (p. 614):

"Municipal claims and liens acquired thereunder are creatures of statute, and of course strict compliance is necessary if the lien of the claim is to be upheld. Borough of Avalon v. Shafer, 100 Pa. Superior Ct. 52,

56, 57. Although a municipal lien is essentially an action in rem, we have held that the requirement of the statute, section 10 of the Act of May 16, 1923, P. L. 207, as amended, 53 PS Sec. 2030, that the name of the owner of the property be set forth is mandatory. Blairsville Borough v. Donatelli et al., 123 Pa. Superior Ct. 51, 186 A. 247; St. Clair Savings & Trust Co., for use, v. Groeschel et ux., 137 Pa. Superior Ct. 1, 8 A. 2d 466."

We repeat, we are satisfied that the liens are void.

The second contention of the city is that petitioner is not the owner of the property since it had been sold to the county commissioners in 1942, and, therefore, he could not question the validity of the liens. Since the county commissioners have permitted the redemption of the property by petitioner, this question is now moot, but in passing we may say that in our opinion petitioner had a right to present this petition and a standing to challenge the liens.

In Indiana County Petition, 360 Pa. 244, 249, the court held that though one acquires title to property after the two-year period of redemption has expired, so long as there is a continuing right of redemption under the Act of July 28, 1941, P. L. 535, the former owner had an equity of redemption which might be conveyed like any other estate, and the grantee took it with all the rights and capacities of the grantor. "He is, therefore, the 'owner' who holds the title at the moment of redemption."

While the Act of July 28, 1941, was repealed by the Act of July 7, 1947, P. L. 1368, in our opinion, petitioner acquired an interest in the property under the Act of July 17, 1935, P. L. 1091, giving the county commissioners the right to permit redemptions.

He is entitled to be heard.

With reference to the paving and sewer liens, it appears that the paving was completed on September 5, 1931, and a lien was filed against John Forte on

June 24, 1932, to no. 36, October term, M. L. D., 1932. A suggestion was filed June 21, 1937, a writ of scire facias was issued to no. 1592, October term, 1942, and then suggestions were filed on September 27, 1947, and December 18, 1947.

Although the sewer work was completed August 4, 1928, the lien was filed on June 24, 1932, to no. 158, October term, M. L. D., 1932. A suggestion was filed on June 21, 1937, a writ of scire facias was issued to no. 640, October term, 1942, and then suggestions were filed on September 27, 1947, and December 18, 1947.

Counsel argue that the decision in St. Clair Savings & Trust Co. v. Groeschel, 137 Pa. Superior Ct. 1, might have gone the other way if the lien had been properly indexed in the name "Groeschel" instead of "Groetschel." In the case before us, the name "John Forte" was correctly spelled. He was an owner with his wife, Josephine Forte, at the time of the filing of the lien. However, even if we held that the liens were properly filed and indexed as to him, they must be stricken off for the reason that they were filed too late. Both liens were filed more than six months after the completion of the work in front of the particular property or the completion of the improvement: sections 9 and 15 of the Municipal Lien Act of May 16, 1923, 53 PS §§2029 and 2035. In such cases the claims are wholly lost: Borough of Youngwood v. Gay, 71 Pa. Superior Ct. 154; City of Philadelphia v. Hillier, 11 D. & C. 166.

Accordingly, we enter the following

### Order

Now, January 26, 1949, the rule heretofore granted is made absolute and the following liens are stricken from the record, M. L. D.: No. 506, January term, 1943, City Taxes; no. 506, January term, 1944, City Taxes; no. 96, January term, 1946, City Taxes; no. 56,

January term, 1947, City Taxes; no. 40, January term, 1948, City Taxes; no. 36, October term, 1932, Paving, and no. 158, October term, 1932, Sewer.